UNITED STATES *v.* MASON.

*(Circuit Court, N. D. California.* March 5, 1888.)

1. SEAMEN—DESERTION—SHIPPING COMMISSIONERS' ACT, § 51, 17 ST. 262.
   The provision of section 51 of the act of June 7, 1872, carried into section 4596, Rev. St., relating to shipping commissioners, making desertion an offense, since the passage of the act of June 9, 1874, (18 St. 64,) has no application to coasting vessels navigating the Pacific ocean between the ports of San Francisco and San Diego, in the state of California.

2. SAME—STATUTES—REPEAL BY REVISED STATUTES.
   The Revised Statutes, though adopted after the passage of the said act of June 9, 1874, do not repeal the provisions of the latter act.

*(Syllabus by the Court.)*

Information for Desertion against a seaman.

*Geo. W. Towle,* for plaintiff.

*H. W. Hutton,* for defendant.

SAWYER, J.   This is an information for desertion, against a party who shipped as a seaman on the steam-ship Queen of the Pacific, for a voyage from San Francisco to San Diego, in the state of California, and return.   It is framed under section 51 of the shipping commissioners' act of June 7, 1872, (17 St. 262), carried into the Revised Statutes in section 4596.   No other provision of the statute has been called to my attention, and I am not aware of any, making the acts charged an offense. The act of June 9, 1874, provides that "none of the provisions of an act entitled 'An act to authorize the appointment of shipping commissioners by the several courts of the United States to superintend the shipping and discharge of seamen engaged in the merchant ships belonging to the United States, and for the further protection of seamen,' shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake-going trade, touching at foreign ports, or otherwise, or in the trade between the United States and British North American possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise or voyage."   18 St. 64.   This vessel, going on a voyage from San Francisco to San Diego, in the state of California, is not one of the vessels excepted.   The language of non-application is the broadest possible.   It is "none of the provisions" of the shipping commissioners' act shall apply to this vessel or voyage, and the provision under which the offense is charged is one of the provisions of that act, and beyond all question within the provision of the last act quoted.   It in effect clearly repeals the prior act with reference to the ship and voyage in question.

The only other possible question is, whether the adoption of the Revised Statutes, with the provisions of the shipping commissioners' act incorporated in them, on June 22d, a few days after the passage of the

said act of June 9, 1874, repealed the latter; and the Revised Statutes expressly answer this question in the negative. Section 5601, Rev. St., is in the following language:

"The enactment of the said revision is not to affect or repeal any act of congress passed since the 1st day of December, one thousand eight hundred and eighty-three, and all acts passed since that date are to have full effect as if passed after the enactment of this revision; and so far as such acts vary in form or conflict with any provision contained in said revision, they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith."

There can be but one possible construction put upon this provision, and that is, that whatever there is in the revision taken from the shipping commissioners' act, that is in conflict with the said act of June 9, 1874, is repealed. The Revised Statutes are made to take effect from December 31, 1883, and as if passed on that day, "and all other acts passed after that date, although in fact passed before the Revised Statutes, are to be treated and enforced as subsequent statutes, repealing the Revised Statutes, so far as they are inconsistent therewith." *In re Publishing Co.*, 3 Sawy. 616, 617. I so held, immediately after the passage of the act of June 9, 1874, in the case of a seaman who was convicted for a most atrocious and brutal assault and battery upon the master of a coasting vessel, under the sixth clause of section 4596, Rev. St. After conviction, and before sentence, the statute of June 9, 1874, came to hand, and I was obliged to arrest judgment on the ground that the provision had ceased to be applicable to that class of coasting vessels before the commission of the offense. Other courts, so far as I am aware, have uniformly taken the same view of the statute. *U. S.* v. *Bain*, 5 Fed. Rep. 192; *U. S.* v. *King*, 23 Fed. Rep. 141; *Burdett* v. *Williams*, 27 Fed. Rep. 117; *U. S.* v. *Buckley*, 31 Fed. Rep. 805; *U. S.* v. *The Grace Lothrop*, 95 U. S. 532.

For the reasons given, the act charged does not constitute an offense under the statutes of the United States, and the information must be quashed, and it is so ordered.