## UNITED STATES *v.* BAIN.

*(District Court, E. D. Wisconsin.* November 25, 1889.

STATUTES—REPEAL—SEAMEN—DESERTION—LAKE VESSELS.

Rev. St. U. S. § 4596, provides certain penalties for the desertion of a seaman who has been lawfully engaged. Section 5601 provides that all acts passed after December 1, 1873, are to have full effect as if passed after the enactment of this revision; and so far as they vary from, or conflict with, any of its provisions, they are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith. Act U. S. June 9, 1874, (18 St. c. 260,) provides that none of the provisions of the act of June 7, 1872, (17 St. c. 322,) shall apply to vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake-going trade, touching at foreign ports or otherwise, etc. *Held,* that this act repeals so much of Rev. St. tit. 53, including section 4596, as is composed of the provisions of act June 7, 1872, so far as it applies to vessels on the Great Lakes.

Information for Desertion against a Seaman.

*W. A. Walker,* U. S. Dist. Atty.

*J. W. Wegner*, for defendant.

JENKINS, J. An information is lodged charging the defendant, a seaman lawfully engaged to service on board the schooner S. L. Watson, under shipping articles duly signed, on a voyage from Sandusky, Ohio, to Milwaukee, Wis., and thence, via Escanaba, Mich., to any discharging port on Lake Erie, with desertion at the port of Milwaukee. The information is presented under Rev. St. § 4596, and contains all proper averments to bring the matter within that section, if the provisions of title 53 of the Revised Statutes, entitled "Merchant Seamen," has application to. the Great Lakes. A demurrer is interposed to the information presenting this precise question. This title of the revision is in the main composed of the provisions of the act of June 7, 1872, (17 St. c. 322,) known as the "Shipping Commissioners' Act." The penalties prescribed in· Rev. St. § 4596, first appear in section 51 of that act. By act of June 9, 1874, (18 St. c. 260,) it was enacted that none of the provisions of the act of June 7, 1872, "shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake-going trade, touching at foreign ports or·otherwise, or in the trade between the United States and the British North American possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise or voyage." The revision of the statutes was approved June 20, 1874, but took effect as of December 1, 1873. Section 5601 provides that acts subsequent to that date are to have effect as subsequent statutes, and as repealing any portion of the revision inconsistent therewith. It is clear, therefore, that the effect of the act of June 9, 1874, is to repeal all the provisions of title 53 (including the penal provisions of section 4596) of the revision, taken from the act of 1872, so far as they are applicable to vessels engaged as specified in the act of June 9, 1874. *U. S.* v. *Bain*, 5 Fed. Rep. 192; *U. S.* v. *King*, 23 Fed. Rep. 138; *U. S.* v. *Buckley*, 31 Fed. Rep. 804; *U. S.* v. *Mason*, 34 Fed. Rep. 129; *U. S.* v. *The Grace Lothrop*, 95 U. S. 532.

It is suggested that the exception includes all subsequent parts of the act. Such contention cannot be maintained. That construction would render altogether unnecessary and out of place the reference to seamen participating in the profits of a voyage, and would defeat the evident intention of congress to exempt that class from the operation of the shipping commissioners' act. The exception in the law has reference only to the coastwise trade between the Atlantic and Pacific coasts. The word "coastwise," as used in the statute, means along that part of the territory of the United States bordering upon and washed by the sea. It does not comprehend inland navigation. This is apparent upon the face of the shipping commissioners' act. It was intended to apply to ocean navigation solely. Shipping commissioners were to be appointed only in ports of ocean navigation. 17 St. c. 322, § 1; Rev. St. § 4501. Written agreements with seamen were to be made before proceeding on a voyage from a port in the United States to any foreign port, and from a port on ·the

Atlantic to a port on the Pacific, and *vice versa*, (section 12 of the act;) and by a proviso it was expressly declared that the section should not apply to masters of lake-going vessels that touch at foreign ports. This was inserted *ex industria*, lest that class of vessels might be supposed to be included in the phrase, "on a voyage from a port in the United States to any foreign port." In *U. S.* v. *The Grace Lothrop, supra*, the supreme court, speaking with respect to a vessel in the coastwise trade, declare that the act of 1874 is "an explicit declaration that congress never intended that the original act should apply to vessels engaged in any part of the coasting trade, except that between the Atlantic and Pacific coasts." It is quite as clear that congress never intended the act to apply to the lake-going trade. The act had reference to ocean navigation alone. Within a year after the passage of the act, congress abolished the necessity of shipping articles with respect to vessels engaged in trade between the United States and the British North American possessions, the West India islands, and the republic of Mexico. 17 St. c. 35, p. 410. It cannot be presumed that the law-making power designed to remove the restrictions as to vessels trading with neighboring foreign ports, to exempt vessels in the coastwise trade (except between Atlantic and Pacific ports,) but not vessels in the lake-going trade. The act was manifestly directed to extended ocean voyages. It is also to be observed that in the original act the terms "coastwise trade" and "lake-going trade" are used in contradistinction. The act of 1874 clearly expresses the intention of congress to restrict the shipping commissioners' act to ocean navigation, excluding all coastwise trade except that between Atlantic and Pacific ports. In *Burdett* v. *Williams*, 27 Fed. Rep. 113, 117, it was ruled that, since the act of 1874, none of the provisions of the act of 1872 apply to vessels in the trade between the United States and the British North American possessions, or in any case where seamen are entitled to participate in the results of a voyage. Like construction excludes vessels engaged in commerce on the Great Lakes. The demurrer is sustained, and the defendant discharged.