**MAHAR v. GARTLAND S. S. CO.**
No. 217.

Circuit Court of Appeals, Second Circuit.
April 1, 1946.

Desmond & Drury, of Buffalo, N. Y. (John E. Drury, Jr., of Buffalo, N. Y., of counsel), for appellant.

Richards & Coffey, of Buffalo, N. Y. (Laurence E. Coffey and James P. Heffernan, both of Buffalo, N. Y., of counsel), for appellee.

Before HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Section 596, on which plaintiff's claim is primarily based, reads as follows: "Time for payment; double wages recoverable. The master or owner of any vessel making *coasting voyages* shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. *Every master or owner who refuses*

*or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the Court;* [1] \* \* \*." The question here is whether the statute applies to a vessel in the "lake-going" trade, and this can best be answered by an examination of the derivation and development of the section.

In 1872, Congress passed the Shipping Commissioners' Act, 17 Stat. at L. 262, which in section 12 provided for written agreements with seamen. The ships to which it applied were those bound foreign and ships of over 75 tons bound between Atlantic and Pacific ports. A proviso limited this to exclude both "coastwise" and "lake-going" ships which touched at foreign ports. Section 35 penalized masters of ships covered by section 12 who did not promptly pay the wages due at the end of a voyage or at discharge. On June 9, 1874, Congress amended this whole act by providing that it should not apply to vessels engaged in the coastwise trade, except that between the Atlantic and Pacific coasts, or to the lake-going trade touching at foreign ports or otherwise,[2] or to the trade between the United States and the British North American possessions, 18 Stat. at L. 64. The Act of June 9, was passed several days before the adoption of the Revised Statutes which incorporated the provisions of the Shipping Commissioners' Act, but the amendatory act does not appear therein. However, it survives the adoption of the Revised Statutes by virtue of R.S. § 5601 which provides that all statutes enacted after December 1, 1873, the effective date of the revision, and prior to June 22, 1874, were to have full effect as if passed after the date of adoption.[3] Consequently, R.S. § 4529, which embodied section 35 of the Shipping Commissioners' Act and applies in terms to voyages between Atlantic and Pacific ports and foreign voyages, was expressly limited by the amendatory act of June 9, now 46 U.S.C.A. § 544.[4]

So things stood till 1898, when Congress amended R.S. § 4529 by interpolating a provision for "coasting voyages" before the provisions for voyages between Atlantic and Pacific ports and foreign voyages. That language has never been changed and is now found in 46 U.S.C.A. § 596.

The question, then, is whether the amendment of 1898 had any effect on the provisions of the amendatory act, now 46 U.S.C.A. § 544, as far as the "lake-going" trade is concerned. It seems quite clear that it did not. A country's "coast" ordinarily means those of its borders washed by the sea,[5] and our shores on the Great Lakes do not come within this definition. It is obvious that Congress meant to distinguish between "coastwise" and "lake-going" trade; the distinction appears in the proviso to section 12 of the Act of 1872, and again in the amendatory act of 1874. Appellant maintains that Congress intended to abandon this distinction when it used the word "coasting" in the 1898 amendment instead of "coastwise," which was used in the previous enactments. However, none of the cases construing the Shipping Commissioners' Act appears to make any differentiation in the meaning of the two words, and we are not aware that any exists. Certainly it is highly doubtful that Congress would have chosen so equivocal and uncertain a way of eliminating the reiterated distinction between "coastwise" and "lake-going" trade.

2. Appellant maintains that, even conceding that he has no rights under section 596, he can collect the double-wage penalty under section 597. That section deals with payments of seamen during a voyage and applies in terms to "every seaman on a vessel of the United States." It provides, further, that "when the voyage is ended every such seaman shall be entitled to the remainder of the wages which shall be then due him, *as provided in the*

---

[1] Emphasis added.

[2] To the effect that the exception as to vessels plying between the Atlantic and Pacific coast does not include "lake-going" trade, which is mentioned immediately thereafter, see United States v. The Grace Lothrop, 95 U.S. 527, 532, 24 L.Ed. 514, and United States v. Bain, D.C.Wis., 40 F. 455, 456.

[3] United States v. Mason, C.C., 34 F. 129; United States v. Bain, supra.

[4] In its present form, the amendatory act specifically enumerates those sections of the U. S. Code to which it applies; § 596 is mentioned, but not § 597.

[5] United States v. Bain, supra, 40 F. at page 456.

*preceding section.*"[6] Appellant maintains that since there are no provisions limiting the applicability of section 597 (with certain exceptions not here pertinent), and since this section is not one of those enumerated in section 544, it operates to bestow the benefits of section 596 on all seamen, whether or not they come within the language of that section. The adoption of this line of reasoning would lead us to a most curious result.

Section 597 had its origin in section 6 of the Act of July 20, 1790, 1 Stat. at L. 133, which applied to foreign-bound vessels and those vessels bound from a port in one state to a port in any other than an adjoining state. The first part of section 6 dealt with payment at ports, the second with payment on discharge. The latter was largely incorporated into section 35 of the Shipping Commissioners' Act, but that Act made no provision for payment at ports.[7] In the 1874 revision, section 6 of the Act of 1790 appeared as R.S. § 4530, i.e. § 597 of 46 U.S.C.A. It dealt with payment at ports and made no reference to section 4529. It was not until 1898 that the reference to the preceding section, then section 4529, was inserted. It should be noted that the amendment to section 4530 was part of the same bill as that which made section 4529 applicable to the "coasting" trade, and not, as we have pointed out above, to the "lake-going" trade. We are asked to find that at the same time that Congress made this limited enlargement in the scope of section 4529 it impliedly nullified all the previous limitations on the application of that section. We do not believe that this was what Congress intended to do when it added the words "as provided in section 4529 of the Revised Statutes."

A careful reading of section 596 (formerly section 4529) negates any such intention on the part of Congress. The imposition of the penalty of double wages results from the master's neglect or refusal to make payments "in the manner hereinbefore mentioned * * *" i.e., when due as prescribed by the first part of section 596, which refers only to the time of payment of seamen employed on coastwise and foreign bound vessels. Unless the seaman can show that his wages are "due him as provided in the preceding section [section 596]," we do not see how he can assert any claim to the double-wage penalty. We agree with the trial judge that if there is no right to double wages under section 596, there can be none under section 597.

Affirmed.

7 This is the reason why section 597 does not appear in section 544. The amendatory act originally applied in terms to the Shipping Commissioners' Act, and the sections now specifically enumerated therein are those which derive directly from the Act of 1872.