264

## COTTER et al. v. The LUCINDA CLARK et al.

### No. 7411.

United States District Court
E. D. Missouri, E. D.

Oct. 2, 1950.

Allen H. Whittington and Beckemeier & Beckemeier, all of St. Louis, Mo., for claimants.

Sullivan, Finley & Lucas, St. Louis, Mo., for respondents.

HARPER, District Judge.

This is a proceeding brought by claimants for wages allegedly due them for services rendered by them as seamen on the motor vessel Lucinda Clark and to recover for double time because of delay in payment which they assert was due them by virtue of Section 596 of Title 46 U.S.C.A. The proceeding was commenced by the filing by claimants of a Statement pursuant to the provisions of Section 603 of Title 46 U.S.C.A. and this court issued its order against the respondents to show cause why process of attachment should not issue from this court against the motor vessel Lucinda Clark, its tackle, etc. for collection of said wages.

In response to said order to show cause respondents Berry and Maher filed a Return to the order of the court asserting that since the filing of these proceedings the wages of claimants due them covering the period asserted in their claim, as well as vacation pay, had been paid them, but payment for double time under Section 596 of Title 46 U.S.C.A. had not been paid. The return further asserted that during the time claimants rendered services on the motor vessel Lucinda Clark the same was engaged only in harbor work in and about the Harbor of St. Louis, in the State of Missouri, and was not engaged in coastwise trade between the Atlantic and Pacific Coasts. These facts as alleged in the return of respondents were admitted in open court to be true by counsel for both parties.

Respondents in their return also assert that in view of the foregoing facts claimants are not entitled to double wages under Section 596 of Title 46 U.S.C.A. because of the specific provisions of Section 544 of Title 46 U.S.C.A. limiting the application of Section 596 to coastwise trade between the Atlantic and Pacific Coasts. This matter was argued and submitted to the court and this court has concluded from the foregoing facts and under the provisions of Section 544 of Title 46 U.S.C.A. that the right to double wages under Section 596 aforesaid is not applicable to these claimants and they are therefore not entitled to receive double pay because of delay in paying their wages. Maher v. Gartland, S. S. Co., 2 Cir., 154 F.2d 621.

It is therefore ordered, adjudged, and decreed that no further process issue in these proceedings pending and that the same be dismissed with prejudice to the claimants and at the costs of respondents.