O'DONNELL v. NEW YORK TRANSP. CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1911.)

No. 217.

1. APPEAL AND ERROR (§ 1005*)—REVIEW—FEDERAL COURTS—DENIAL OF MOTION FOR NEW TRIAL.

A federal appellate court cannot review the action of a trial court in denying a motion for new trial, based on the ground that the verdict was against the weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3948–3954; Dec. Dig. § 1005.*]

2. DEATH (§ 104*)—ACTION—INSTRUCTIONS.

Instructions considered, in an action for wrongful death, and held to have properly submitted the issue of defendant's negligence to the jury.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 104.*]

3. TRIAL (§ 55*)—EXCLUSION OF EVIDENCE—DISCRETION OF COURT.

In an action for wrongful death, the sustaining of objections to permitting witnesses to make drawings of the place of the accident was within the discretion of the court.

[Ed. Note.—For other cases, see Trial. Dec. Dig. § 55.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action at law by Annie O'Donnell, administratrix, against the New York Transportation Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Writ of error to review a judgment rendered upon the verdict of a jury in favor of the defendant by the Circuit Court, Eastern District of New York. This is the second time this case has been before this court; a judgment in favor of the plaintiff having been reversed, as reported in 159 Fed. 659, 86 C. C. A. 527.

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Richard J. Donovan, for plaintiff in error.

Arthur K. Wing (George S. Wing, on the brief), for defendant in error.

Before LACOMBE, WARD, and·NOYES, Circuit Judges.

NOYES, Circuit Judge. The plaintiff's brief thus states the principal reasons relied upon for charging error in the record:

. "There are two chief grounds assigned why this judgment should be reversed. The first is, the verdict is clearly against the weight of evidence; and the second, that the learned trial court committed error in several respects, particularly in charging the jury that there was no evidence in the case that the automobile which caused the accident was operated at an excessive speed, although that was one of the specific claims made by the plaintiff."

[1] This court, however, cannot review the action of the trial court in denying the motion for a new trial upon the ground that the verdict was against the weight of the evidence. And were the question of liability upon the entire evidence presented upon the denial of a motion to direct a verdict, it would not aid the plaintiff; for there was sufficient testimony in the case, if credited by the jury, to warrant them in finding the plaintiff's intestate negligent and the defendant free from negligence.

[2] The second ground of error claimed by the plaintiff is based upon the following portion of the judge's charge:

"There is no question in the case, as the evidence stands, I take it, as to excessive speed. You have had the testimony as to what the movements were, and you have to consider them. It is not a case of fast driving or coming down the street in such a manner that the machine could not be stopped; because the chauffeur, as testified to, did slow up and went ahead, and that takes it out of the category which Mr. Wing has just referred to."

The plaintiff contends that the question of excessive speed was one of the most important in the case, and that the trial court, by the charge stated, practically took it away from the jury. We think, however, that the speed of which the judge was speaking was that of the automobile before it slowed down just before the accident. There was no evidence of excessive speed up to that time. As the judge said, the case was "not a case of fast driving, or coming down the street in such a manner that the machine could not·be stopped." The question of speed at the time of the accident was undoubtedly important; but we cannot think that the jury could have been led, from the charge as a whole, into thinking that subject withdrawn from their consideration, for the judge, immediately after delivering the portion of the charge objected to, said:

"I have charged very carefully * * * that the jury are to consider the exact movements and the exact speed of the machine; but it is not a case of coming down the street at an excessive speed, because the chauffeur slowed up, and says he got it under control."

All the evidence shows that the automobile did slow up just before the accident, and started again, and the judge seems fairly to have left to the jury the question of the movement of the machine and the

speed after it so started and struck the plaintiff's intestate. We find no prejudicial error in this portion of the charge.

Other less important assignments of error are considered in the briefs.

[3] It is contended that the trial court erred in sustaining objections to permitting witnesses to make drawings of the place of the accident. But it does not appear that drawings were necessary to enable the witnesses to testify intelligently, nor that they were capable of making accurate drawings. Moreover, the matter was within the discretion of the trial judge.

Error is also charged in the exclusion of testimony that the place of the accident was a busy place. The condition of the traffic at the actual time of the accident was, however, fully shown by other testimony, and there was no prejudicial error in excluding proof of usual conditions. The question was not one of the care required in passing into a busy thoroughfare by an object which obstructs the view.

We also find no reversible error in the rulings of the trial court with respect to the evidence concerning the service of subpœnas, in permitting a leading question, in excluding certain questions upon cross-examination concerning instructions to the chauffeur, or in permitting the submission of a portion of the complaint to the jury.

The judgment of the Circuit Court is affirmed.