JAMES H. ALBERTSON, Appellant, *v.* LOUIS A. ANSBACHER, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1918.)

Negligence — action to recover damages to automobile — evidence — damages — appeal — automobiles.

> In an action to recover damages to an automobile owned and operated by plaintiff, caused by a collision with one owned by defendant and operated by his chauffeur, no recovery can be had except upon proof that the damage occurred solely through the negligence of the defendant and without any contributory negligence on plaintiff's part.

> Where in such an action it appeared that a few moments prior to the accident, which occurred on a misty night on one of the main drives of Central Park in the city of New York, a chain on one of the rear wheels of plaintiff's car broke, wound itself around the axle and blocked the car which came to a standstill a few feet from the curb of the road which was lighted by lanterns about seventy-five feet apart, and while the car was in that position defendant's car collided with it; and upon any possible theory of the case defendant's chauffeur was guilty of negligence and it clearly appeared that no possible

Appellate Term, First Department, February, 1918.   [Vol. 102.

negligence on the part of plaintiff could be predicated upon the position of the car which could not be moved until the chain was unwound from the axle, a dismissal of the complaint was reversible error.

It is negligence as matter of law for a chauffeur to run an automobile at the rate of twelve miles an hour in Central Park on a night when he cannot see beyond the hood of his car.

Finch, J., dissents.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, dismissing the complaint after a trial by the court without a jury.

Alfred Ekelman, for appellant.

Neuman & Newgass (Frederick F. Neuman and Edward M. James, of counsel), for respondent.

LEHMAN, J.   The plaintiff has brought this action for damages to an automobile, owned and operated by him, through a collision with an automobile owned by the defendant and operated by his chauffeur.  In order to recover the plaintiff must of course show that the damages occurred solely through the negligence of the defendant and without any contributory negligence on his part.  There is no serious dispute as to the facts in this case.  A few minutes previous to the accident a chain on one of the rear wheels of the plaintiff's car broke, wound itself around the axle of the car and blocked the car so that it was stopped at once.  At that time the car was on the right-hand side of the road facing north but a few feet from the curb.  The plaintiff and a friend who was driving with him got out of the car in order to try to repair it.  While the car was standing in that position the defendant's car collided with it.  Defendant does not claim that the collision was due to inability to stop his car, but the chauffeur

testified that he never saw the plaintiff's car until the collision actually occurred. The accident occurred at night on one of the main drives of Central Park. This road is lit up by lanterns about seventy-five feet apart and it seems to me clearly impossible for any person exercising any degree of care at all to fail to see an automobile until he collided with it. It is true that it appears that the night was "somewhat misty," but unless there was a most unusual fog that night, if the defendant's chauffeur was exercising any watchfulness he would have seen the plaintiff's car, and it appears from the testimony of a disinterested witness who was passing both cars at this time that he did see plaintiff's car before the accident. Moreover, if we assume that that night an unusual fog existed which would have prevented the defendant's chauffeur from seeing the plaintiff's car until he struck it, then the defendant's chauffeur is convicted of negligence out of his own mouth for he has testified that his car was going at the rate of about twelve miles an hour and I think as a matter of law it is negligent for a chauffeur to proceed at the rate of twelve miles an hour in Central Park on a night when he cannot see beyond the hood of the car. The defendant's chauffeur, therefore, upon any possible theory of the case, was, in my opinion, guilty of negligence and a finding to the contrary is erroneous. The only question then remaining in the case is whether the plaintiff has shown that he himself was free from negligence. There is no claim that any negligence can be predicated from the breaking of the chain, and since the car was at a standstill at the time of the accident there can be no claim of negligence in its operation at that time. The lights on the car were lit, but the plaintiff's passenger was working around the wheel and testified that he could not state whether his body might not have been interposed between the tail light of the

34

car and the oncoming automobile.  I do not think that, in attempting to make repairs under the circumstances shown in this case, it can reasonably be claimed that the plaintiff or his agent was bound at all times to see that their tail light was not obscured, and any finding that such act constituted contributory negligence would be decidedly against the weight of evidence if not erroneous as a matter of law.  Moreover, if such an act would constitute negligence, it could not have contributed to the accident for the defendant's chauffeur palpably would have seen the automobile even without the tail light if he had looked, and if he did not look the presence of a tail light could not have helped him. The only other possible claim of negligence on the part of the plaintiff might arise from the position of the car some feet from the curb.  If the car stopped at that position and could not be moved until the chain was unwound from the axle, then no possible negligence can be predicated from the position of the car.  In my opinion the record shows clearly that this was the case.

It follows that the judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

WEEKS, J., concurs.

FINCH, J. (dissenting).   In my opinion the judgment of the court below, upon the disputed questions of fact, namely, whether the chauffeur was guilty of negligence, and whether the plaintiff was free from contributory negligence, should be affirmed.

The evidence showed that the automobile of the plaintiff had stopped somewhere between three and eleven feet from the right-hand side of the curb going north — the plaintiff testified that he brought the car to a stop between three and four feet from the curb — and

the car was therefore directly within the path of a constant stream of automobiles, going north along the east side of Central Park, about six-thirty P. M. on a dark, misty, November night. The thought would instantly occur to the average reasonable man that there was imminent danger that one of the many passing automobiles would collide with the plaintiff's car, standing as it was out from the curb, and away from beneath the park lights. Yet the plaintiff, according to his own testimony, allowed his passenger to tinker with the chain on the rear axle, while the plaintiff himself went back and sat in the automobile, instead of taking care to see that the red rear light of his automobile was unobstructed even if he had not taken the care to give additional warning. The rear red light was only from six to twelve inches from the rear wheel that caused the trouble, and the plaintiff's passenger testified that he could not state whether his body might not have interfered between this rear light and the defendant's oncoming car, and it was a fair inference that there was such interference. Red tail lights are recognized signals to warn approaching automobiles even when cars are in motion, and much more so when cars are standing still. The defendant's chauffeur may not, therefore, have had the benefit of seeing the red rear light.

In view of the evidence the judgment of the trial court was not at least against the weight of the evidence, and should be affirmed, with costs.

Judgment reversed and new trial ordered, with costs to appellant to abide event.