## METZGER v. SPECTOR MOTOR SERVICE, Inc., et al.

### No. 211.

Circuit Court of Appeals, Second Circuit.

May 5, 1941.

Albert L. Lawrence, of Herkimer, N. Y., for appellant.

David B. Sugarman, of Syracuse, N. Y. (Arthur W. Burrows, of Syracuse, N. Y., on the brief), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court for the Northern District of New York, entered upon the verdict of the jury. The action was for personal injuries due to a collision between the defendant's motor car and a car which the plaintiff was driving. At the conclusion of the evidence, the plaintiff did not ask for the direction of a verdict, but after the jury had brought in a verdict in favor of the defendants, moved to set it aside as against the weight of evidence. This the court denied and its order is the only question raised upon this appeal.

The jury could have found the following facts. On a rainy night in January the plaintiff, driving his car along the highway between Utica and Herkimer in the State of New York, was brought to a stop by a stalled motor truck on his side of the road. While he was waiting for other cars to pass which were coming in the opposite direction, the defendant's truck ran into him from behind, causing the injuries in question. The excuse of the defendant's driver was that, although he had on his "fog lights," they did not light up the road far enough ahead for him to see the plaintiff's car before it was too late. He had had to pull over to the right side of the road to let a car pass, whose bright lights blinded him and when he pulled back into his side of the road, he was within a few feet of plaintiff's car. He was then moving at not more than sixteen or eighteen miles an hour.

The plaintiff's theory is that the law of New York makes it negligent without more to drive a motor car at a speed such that an obstruction ahead cannot be seen in time to stop. Albertson v. Ansbacher, 102 Misc. 527, 169 N.Y.S. 188. That case did not profess to lay down so absolute a rule, and we can find no evidence that it exists in New York; and indeed,

the defendants' explanation, if accepted, made a substantial variant. The denial of a motion to set aside a verdict presents a different question upon appeal from the denial of a motion for a directed verdict at the close of the evidence; except in the most unusual circumstances it is not appealable. Crumpton v. United States, 138 U.S. 361, 363, 11 S.Ct. 355, 34 L.Ed. 958; Van Stone v. Stilwell & Bierce Mfg. Co., 142 U.S. 128, 134, 12 S.Ct. 181, 35 L.Ed. 961; Moore v. United States, 150 U.S. 57, 61, 62, 14 S.Ct. 26, 37 L.Ed. 996; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 248, 60 S.Ct. 811, 84 L.Ed. 1129; O'Donnell v. New York Transportation Co., 2 Cir., 187 F. 109, 110. Certainly there was nothing in this case which would justify us in upsetting the discretion of the trial judge.

Appeal dismissed.