## WOODBRIDGE et al. v. DU PONT et al.

### No. 129.

Circuit Court of Appeals, Second Circuit.

Jan. 25, 1943.

Jules Haberman, of Brooklyn, N. Y., for appellants.

Harold R. Medina, of New York City, for appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This case was tried to a jury and at the conclusion of the evidence the plaintiffs made no motion for a directed verdict. Only after the jury had returned a verdict in favor of the defendants, did their counsel raise any question as to the sufficiency of the evidence, which he did by moving for a new trial in the following language: "I move to set aside the verdict on each of these causes of action on the ground that it is against the weight of evidence, contrary to the evidence, and upon all the grounds set forth in the Federal Rules of Civil Procedure." The court denied this, and the only substantial error raised upon this appeal is this denial. Rule 59(a) (1), 28 U.S.C.A. following section 723c, perpetuates the power of the judge to grant a new trial after a trial by jury, "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States," but does not define what those reasons are. We do not find it necessary to do so here, or to say what power we in our turn have to review such an order. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 248, 60 S. Ct. 811, 84 L.Ed. 1129; Metzger v. Spector Motor Service, Inc., 2 Cir., 119 F.2d 690. Whatever our power may be, if any, this would not be a case for its exercise. The plaintiffs do not suggest any reason why they should be relieved from their failure to move for a directed verdict at the close of the evidence, except to say that it would have been useless to do so, because the judge had already denied the defendants' motion for a directed verdict in their favor. But a refusal to direct a verdict for the defendants was wholly consistent with a direction of a verdict for the plaintiffs. It is true that in denying the defendants' motion the judge said: "I will submit" (the case) "to the jury," and that in cautioning the jury not to draw any inference from his rulings he said: "it is purely a jury question"; and again, "it is a ruling that you are to decide the questions of fact, and you are not to draw any inferences from the denials that I believe the defendant" (sic) "is wrong or right." But it is evident that these remarks were addressed only to his disposal of the defendants' motion; and, although it was indeed unlikely that he would have directed the verdict in favor of the plaintiffs, they could not tell and they were not entitled to assume that he would not. So far as appears, they were content to gamble upon the result, and to reserve any right they had until after they had lost. There is no just reason to relieve them of such a choice, once deliberately made.

Judge Clark believes that the evidence was such as required submission to a jury,

and that the judge would have been obliged to deny the plaintiffs' motion for a directed verdict if one had been made; and hence he prefers to rest decision on that ground.

Judgment affirmed.