## ITZKALL v. CARLSON.
### No. 24.

Circuit Court of Appeals, Second Circuit.

Oct. 25, 1945.

George Green, of New York City (Jacob Rassner, of New York City, of counsel), for appellant.

MacIntyre, McNally & Downey, of New York City (John V. Downey, of New York City, of counsel), for appellee.

Before L. HAND, SWAN and CLARK, Circuit Judges.

### PER CURIAM.

This is an accident case of which the federal court has jurisdiction by reason of diverse citizenship. While crossing Broadway on foot, at its intersection with 45th Street, the plaintiff was struck by an automobile operated by the defendant. The issues at the trial were negligence and contributory negligence. Without moving for a directed verdict plaintiff permitted the case to be submitted to the jury. Only after a verdict was returned in favor of the defendant did plaintiff's counsel raise any question as to the sufficiency of the evidence. He then moved to set aside the verdict as contrary to the facts and against the weight of the evidence. This motion was denied.

 Upon appeal the plaintiff urges that the verdict is without evidence to support it. This contention is not open to him. Federal appellate courts do not directly review jury verdicts but only rulings of the trial judge which may have affected the verdict; hence a motion for a directed verdict is necessary to raise upon appeal the question of the sufficiency of the evidence. Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272, 274; 3 Moore, Fed. Prac.Sup. 88 n. 12, and cases there cited. The motion to set aside the verdict as against the weight of the evidence will not avail, for the denial of such a motion is not subject to review—except possibly under most unusual circumstances not here present. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 248, 60 S.Ct. 811, 84 L.Ed. 1129; Woodbridge v. Du Pont, 2 Cir., 133 F.2d 904; Metzger v. Spector Motor Service, 2 Cir., 119 F.2d 690.

The only other point made by the appellant relates to the charge. As to this it suffices to say that we find there was no error in the court's refusal to charge in the precise form of the request.

Judgment affirmed.