**HARRIMAN**

v.

**MIDLAND STEAMSHIP LINE, Inc.**

No. 30, Docket 22762.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1953.

Decided Nov. 18, 1953.

Russell V. Bleecker, Cleveland, Ohio, Dudley, Stowe & Sawyer, N. John Thomas, Buffalo, N. Y., for appellant.

Edward J. Desmond, Desmond & Drury, Buffalo, John E. Drury, Jr., Buffalo, N. Y., of counsel, for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

■■ This is an appeal by the defendant from a judgment for the plaintiff, entered on the verdict of a jury in an action by a seaman to recover damages for an unlawful discharge. The appellant raises only two points: (1) that the verdict was "manifestly against the weight of the evidence"; and (2) that the court erred in telling the jury that a written contract between the parties that did not conform to § 574 of Title 46 U.S. C.A. constituted a legal contract. As to the first point we have repeatedly held that, when a party does not ask for a directed verdict at the close of the evidence, he may not raise it on appeal.[1] Moreover, an order, denying a motion for a new trial because the verdict was

---

[1] Woodbridge v. DuPont, 2 Cir., 133 F. 2d 904; Flint v. Youngstown, Sheet & Tube Co., 2 Cir., 143 F.2d 923; Itzkall v. Carlson, 2 Cir., 151 F.2d 647; Jorgensen v. York Ice Machinery Corp., 2 Cir., 160 F.2d 432; Ring v. Authors' League of America, 2 Cir., 186 F.2d 637.

"against the weight of evidence," is not appealable.[2]

The second point is based upon the fact that the contract on which the action was brought did not conform to § 574, Title 46 U.S.C A.; and upon the argument that it was superseded by a monthly series of "Articles," executed by the plaintiff and the ship's master; and that, in any event, § 594 of Title 46 U.S.C.A. limited the plaintiff's recovery under the general contract to "one month's wages". So far as appears, the defendant did not at the trial raise the question that the monthly "Articles," executed seriatim, superseded the general contract; but, that aside, we can see no reason so to interpret them. The contract covered the whole period of the Great Lakes season, and presumably presupposed that "Articles," customary in maritime contracts of service, would be signed each month. If the parties did not mean that the execution of the "Articles" was a performance of the continuous employment for the season, we should have to impute to them the belief that in the very face of that contract, they terminated it at the outset, when the plaintiff and the master signed the first of the monthly "Articles." That is patently absurd.

Nor is the final argument any better founded: i. e., that the contract was illegal under § 574, and that in any event the plaintiff can recover no more than one month's wages because of § 594. Section 544 makes both these sections inapplicable to "steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts, or in the lake-going trade touching at foreign ports or otherwise, or in the trade between the United States and the British North American possessions". It is true that the record does not disclose what voyages the contract was to cover; but the Second Article of the complaint alleges that the ship was "used in the transportation of commodities on the navigable waters of the Great Lakes and connecting waters," and that confines the possibilities to "the lake-going trade touching at foreign ports *or otherwise,* or in the trade between the United States and British North American possessions". In Mahar v. Gartland S.S. Co., 2 Cir., 154 F.2d 621, we held that §§ 596 and 597 did not cover voyages on the Great Lakes; and, although that situation was not precisely the same, the reasoning applies here as well. It is true that in Weaver v. Pittsburgh S.S. Co., 153 F.2d 597, 600, the Sixth Circuit said "There is no doubt as to the applicability of these statutes to shipping on the Great Lakes"; but that conclusion was not necessary to the decision, and was added without discussion. With deference we are not convinced that our own conclusion in Mahar v. Gartland S.S. Co., supra, was wrong.

Judgment affirmed.

2. Metzger v. Spector Motor Service Inc., 2 Cir., 119 F.2d 690; Binder v. Commercial Travellers Acc. Ass'n, 2 Cir., 165 F.2d 860, 902.