Carmelo **MIRABILE**, Plaintiff-Appellant,

v.

The **NEW YORK CENTRAL RAILROAD COMPANY**, Defendant-Appellee.

No. 243, Docket 23746.

United States Court of Appeals Second Circuit.

Argued Feb. 16, 1956.

Decided March 9, 1956.

---

John H. Pennock, Albany, N. Y. (William J. Roberts, Albany, N. Y., on the brief), fór plaintiff-appellant.

Earl H. Gallup, Jr., Albany, N. Y. (Whalen, McNamee, Crable & Nichols and Charles E. Nichols, Albany, N. Y., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

PER CURIAM.

Plaintiff's motion to set aside a defendant's verdict in his action under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., having been denied, he now seeks reversal of the judgment below on the ground that the verdict was against the weight of the evidence. But since he had made no motion for a directed verdict and took no exception to the general charge of the court he cannot raise this issue, as his course at the trial necessarily assumes that there were questions of fact for the jury. See, e. g., Harriman v. Midland Steamship Line, 2 Cir., 208 F.2d 564, and cases cited note 1;

Smith v. Boggia, 2 Cir., 200 F.2d 604; Moore v. Louisville & Nashville R. Co., 5 Cir., 223 F.2d 214, 216; Zimmerman v. Emmons, 9 Cir., 225 F.2d 97, 99, certiorari denied 350 U.S. 932, 76 S.Ct. 302. And quite obviously there were important factual issues for the jury. Plaintiff, working in the defendant's extensive repair yard at Selkirk, New York, was moving his cart containing his equipment for burning off metals by acetylene torch when he claimed to have slipped and injured himself by reason of the snow accumulating on the day in question, December 2, 1952. There was conflicting evidence as to the time when the snow commenced and its extent when the accident occurred—facts obviously of the utmost importance in bringing home to defendant a claim of negligence for failure to avoid a slippery condition of its tracks and other open spaces in the yard. On the evidence the jury could properly find that there was no sufficient storm to require the defendant to take action before the accident.

Of other claimed errors, plaintiff stresses most his objection to the admission in evidence of movies taken over two years after the accident showing him at work in his garden and thus capable of activities at variance with his claims of extensive disability. Admission of the movies was not reversible error for several conclusive reasons: (1) No objection was taken until after they were actually shown; (2) they were properly identified and verified by the testimony of the private investigator on the stand at the time of their offer; (3) the question of identity raised at most as to only a part of the pictures shown was thoroughly examined in the later testimony; and (4) quite obviously the jury never got to the question of damage.

Plaintiff also objects that he was barred from using a blackboard to illustrate his argument in summation. Use of a blackboard for purposes of illustration during the examination of a witness or during summation of counsel would seem often potentially useful, as tending to clarify the issues. But matters of this kind must rest in the sound control of the trial judge, and the record does not indicate that the judge abused his discretion here. He appears, from the colloquy, to have feared that counsel planned to use the board to bring in matters not directly in evidence. Moreover, there was no prejudice, since counsel desired to use it in adding up items of damages; and the jury never came to that question.

Affirmed.