Robert E. HAYCOCK, Jr., and Standard Floors, Inc., Appellants,

v.

Richard B. CHRISTIE, Appellee.

No. 13756.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 27, 1957.

Decided Oct. 10, 1957.

13. See State v. McBee, 10 Kan.App. 450, 61 P. 1093.

**502**

Mr. Randolph C. Richardson, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., Justin L. Edgerton and John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellants. Mr. Richard W. Galiher, Washington, D. C., was on the brief for appellant Standard Floors, Inc.

Mr. Richard L. Walsh, Washington, D. C., for appellee.

Before PRETTYMAN, WILBUR K. MILLER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment for appellee (plaintiff) entered in an action for personal injuries resulting from an automobile accident. At the trial, the jury returned a verdict for plaintiff in the sum of $25,000.00. Thereafter, defendants (appellants) filed a motion to vacate and set aside the verdict and judgment for plaintiff and for a directed verdict under Rule 50, F.R.Civ.P., 28 U.S.C.A., and/or for new trial. The court denied the motion to vacate and set aside, and further ordered that if, within ten days, plaintiff should file a remittitur of that part of the verdict and judgment in excess of $17,500.00, the motion for new trial would be denied as of the date of the filing of the remittitur, otherwise the motion would be granted. The remittitur was duly filed and this appeal followed.

Appellants make no issue of liability. Reversal is asked because of certain actions by the trial court hereinafter referred to.

█ It is claimed that the verdict was grossly excessive, unconscionable, and one which should have shocked the conscience of the court, and that, accordingly, the court abused its discretion in permitting the verdict to stand. In Hulett v. Brinson, 97 U.S.App.D.C. 139, 229 F.2d 22, we pointed out that ordinarily an appellate federal court will not review the action of a trial court in granting or denying a motion for a new trial on grounds of inadequacy or excessiveness of a verdict. We said:

> "It appears clear that the rule in the Federal courts is that an appellate court may reverse, if at all, for excessiveness of verdict only where the verdict is so grossly excessive or monstrous as to demonstrate clearly that the trial court has abused its discretion in permitting it to stand." 97 U.S.App.D.C. at page 142, 229 F.2d at page 25.

See also Rankin v. Shayne Bros., 98 U.S. App.D.C. 214, 234 F.2d 35.

We cannot say that the verdict in this case was "so grossly excessive or monstrous as to demonstrate clearly that the trial court [has] abused its discretion in permitting it to stand."

It is further claimed that the trial court abused its discretion in denying a new trial and committed error in permitting appellee's counsel, in addressing the jury, to use a blackboard in exhibiting to the jury items and amounts of damages which, it is claimed, had not been introduced or established in evidence.

█ The record, in our opinion, discloses no abuse of discretion on the part of the trial court. Ordinarily the permission or refusal of the use of a blackboard during counsel's argument is a matter within the sound discretion of the trial court. Of course, where use is allowed, such use should be permitted only in a way to insure fairness. Here the trial court permitted the erasure of the figures after appellee's argument. It is conceivable, of course, that an abuse would be committed if the figures were allowed to stand in the view of the jury during all arguments and during the judge's charge.

We cannot say that there was no basis for the figures detailed by appellee's counsel although, of course, as is not unusual in such cases, they were disputed. Certainly appellee had the right to ex-

plain his theory as to the damages properly to be allowed.

We have examined the other points raised by the appeal, and find no error.

Affirmed.