Onofrio CONTORNO, Plaintiff,

v.

FLOTA MERCANTE GRANCOLOMBIANA, S.A., Defendant and Third-Party Plaintiff-Appellant,

v.

AMERICAN STEVEDORES, INC., Third-Party Defendant-Appellee.

No. 323, Docket 25870.

United States Court of Appeals Second Circuit.

Argued May 6, 1960.

Decided May 17, 1960.

---

720

James B. Magnor, New York City (Vernon S. Jones, Thomas R. McLoughlin, New York City, Joseph P. Ritorto, Brooklyn, N. Y., Kirlin, Campbell & Keating, New York City, on the brief), for defendant and third-party plaintiff-appellant.

Lillian E. Cuff, New York City (George J. Conway, New York City, on the brief), for third-party defendant-appellee.

Before LUMBARD, Chief Judge, MEDINA, Circuit Judge, and JAMESON, District Judge.*

PER CURIAM.

Flota Mercante Grancolombiana, owner of the steamship M. V. Ciudad De Manizales, appeals from a jury verdict against it and in favor of American Stevedores, Inc., in an action for indemnification for money paid a longshoreman employed by Stevedores and allegedly injured as a result of the negligence of Stevedores' employees. The accident occurred on October 19, 1953, while the longshoreman, Onofrio Contorno, was walking along the deck of the Ciudad De Manizales. Contorno slipped and fell, allegedly because of oil upon the deck. He brought suit against the shipowner, claiming that the vessel was unseaworthy and its crew negligent. Grancolombiana impleaded Stevedores, asserting a right to indemnification under the stevedoring contract for any losses suffered by it on the ground that any fault contributing to the accident was that of the stevedores' employees in not removing the oil or warning Contorno of the danger. Thereafter, Contorno settled his claim against Grancolombiana for $18,750, and only the dispute between the shipowner and the stevedore was tried. At the trial there was conflicting evidence whether there had been oil on the deck, whether the shipowner had acted reasonably in settling with Contorno, and whether the amount of the settlement and the legal fees which Grancolombiana sought to recover were reasonable. No motion for a directed verdict was made by Grancolombiana, and these issues were submitted to the jury, which brought in a verdict for Stevedores.

On appeal Grancolombiana raises two points: (1) that the verdict was manifestly against the weight of the evidence and (2) that the trial court abused its discretion in denying a motion to set aside the verdict and grant a new trial. As to the first point, we have held on numerous occasions that when a party fails to move for a directed verdict, he may not challenge the sufficiency of the evidence upon appeal. E. g., Rotondo v. Isthmian S. S. Co., 2 Cir., 1957, 243 F.2d 581; Srybnik v. Epstein, 2 Cir., 1956, 230 F.2d 683; Harriman v. Midland S. S. Line, Inc., 2 Cir., 1953, 208 F.2d 564. Equally often, we have held, with reference to appellant's second point, that an order denying a motion for a new trial because the verdict was "contrary to the weight of the evidence" is not appealable. E. g., Srybnik v. Epstein,

* Sitting by designation.

supra; Harriman v. Midland S. S. Line, Inc., supra; Binder v. Commercial Travelers Mut. Acc. Ass'n, 2 Cir., 1947, 165 F.2d 896. For these reasons alone, the judgment of the trial court should not be disturbed. However, it also is apparent that there was sufficient conflicting evidence to warrant submission of the case to the jury.

Affirmed.