**Endre NIELSEN, Plaintiff-Appellant,**

v.

**CHARLES KURZ & CO., Inc., Defendant-Appellee.**

**No. 43, Docket 26839.**

United States Court of Appeals
Second Circuit.

Argued Oct. 11, 1961.

Decided Oct. 31, 1961.

Charles A. Ellis, New York City (Silas B. Axtell, New York City, on the brief), for plaintiff-appellant.

Thomas Coyne, of Kirlin, Campbell & Keating, New York City, for defendant-appellee.

Before CLARK, WATERMAN, and MOORE, Circuit Judges.

PER CURIAM.

 Plaintiff, a seaman suing a shipowner for damages for personal injuries sustained on shipboard, has had the misfortune to have his course barred by a jury verdict for the defendant after a trial which we find to have been fair. While there was some evidence tending to show negligence or unseaworthiness of the ship, it was not conclusive; moreover, the plaintiff cannot now attack the verdict as based on insufficient evidence, since he failed to make a motion for a directed verdict. Contorno v. Flota Mercante Grancolombiana S.A., 2 Cir., 278 F.2d 719. His chief attack is upon the judge's charge, various portions of which he wrenches from context to give an appearance of error. Viewed as a whole we

think the charge appropriate. Doubtless the wording could have been improved here and there, but the general submission to the jury was fair. Moreover, plaintiff did not aid the judge at the time by pointing out objections now pressed; his sole objection to the charge was on an insignificant detail as to the judge's recital of the facts. His present criticisms are not of such kind as to justify overlooking the requirement of Fed.R.Civ.P. 51 of timely objection.

 Since the jury never reached the question of damages and the evidence was at most cumulative, the exclusion of the seven photographs showing plaintiff lying in a hospital after his injury was not error. Mirabile v. New York Central R. Co., 2 Cir., 230 F.2d 498, 500.

Affirmed.