Cheryl MURPHY, Appellant,

v.

**NATIONAL RAILROAD PASSENGER CORP., Appellee.**

No. 75–2024.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1976.

Decided Jan. 18, 1977.

Benny R. Greer, Darlington, S. C. (Greer & Chandler, Darlington, S. C., Goodstein & Jennings, North Charleston, S. C., on brief), for Murphy.

Wade H. Logan, III, Charleston, S. C. (Holmes, Thomson, Logan & Cantrell, Charleston, S. C., Lord, Bissell & Brook, Chicago, Ill., on brief), for National Railroad Passenger Corp.

Before WINTER and BUTZNER, Circuit Judges, and MERHIGE,* District Judge.

BUTZNER, Circuit Judge.

Cheryl Murphy appeals the judgment of the district court holding National Railroad Passenger Corporation (Amtrak) liable for damages under the Federal Employers' Liability Act. Complaining about the inadequacy of the verdict, she contends that the court erred in prohibiting expert witnesses from explaining their qualifications, refusing to admit certain evidence, and restricting counsel's closing argument. We find that the court committed error, and, therefore, remand the case for a new trial.

Murphy, an Amtrak passenger service representative, allegedly injured her back when she forced open a sliding door which had caught a passenger on the train. She claims that the railroad failed to maintain a safe place to work and seeks damages for medical expenses, loss of earnings, and pain and suffering.

I

Murphy called two physicians as expert witnesses. After the first physician identified his medical school, Amtrak conceded that he was well qualified. Because of this concession, the court refused to admit testimony about the physician's training and experience. When Amtrak made a similar concession after the second physician was called, the judge overruled Murphy's attempt to show that he had published articles on the subject of his testimony. Despite the restrictions imposed on the physicians' testimony about their qualifications, the judge instructed the jury that "if you should decide that the opinion of an expert witness is not based on sufficient education, and experience, . . . you may disregard the opinion entirely."

■ This instruction, following the exclusion of testimony about the physicians' qualifications, was misleading to the jury. If a court curtails an expert's testimony because his qualifications are conceded, it should not instruct the jury to disregard his opinion for lack of education or experience.

■ Moreover, a jury can better assess the weight to be accorded an expert's opinion if the witness is permitted to explain his qualifications. *United States v. 25.406 Acres of Land,* 172 F.2d 990, 993 (4th Cir. 1949). Such an explanation is especially helpful when a case, such as this, involves a conflict between the opposing parties' experts. *See Trowbridge v. Abrasive Co.,* 190 F.2d 825, 829 (3d Cir. 1951). Since the degree of Murphy's disability was sharply disputed, the restricted testimony on the physicians' qualifications, combined with the instruction to the jury, was prejudicial

---

* Robert R. Merhige, Jr., United States District Court for the Eastern District of Virginia, sitting by designation.

error. *Wolff v. Puerto Rico,* 341 F.2d 945, 948 (1st Cir. 1965).

## II

■ Murphy also assigns error to the exclusion of evidence pertaining to Amtrak's alleged negligence, to her claimed lack of contributory negligence, and to the present value of her loss of future earnings. The case was tried before the Federal Rules of Evidence became effective. Since these Rules will apply on retrial, it will serve no purpose to discuss in detail whether the evidence should have been admitted under former law. We note, however, that all evidence about the negligence of both parties is relevant to the determination of comparative negligence under the Federal Employers' Liability Act. Federal Rules of Evidence 401, 406; *Sears v. Southern Pacific Co.,* 313 F.2d 498, 502–03 (9th Cir. 1963).

■ Furthermore, expert testimony or actuarial tables on the present value of future lost earnings may be admitted. Federal Rules of Evidence 702; *Chesapeake & Ohio Railway Co. v. Kelly,* 241 U.S. 485, 491, 36 S.Ct. 630, 60 L.Ed. 1117 (1916). The court, on request, should also explain a method of calculating present value at a rate of interest to be determined by the jury in light of prevailing economic conditions. *See Heater v. Chesapeake & Ohio Railway Co.,* 497 F.2d 1243 (7th Cir. 1974).

## III

■ We find no error in the court's limitation of closing argument to 45 minutes for each side. *Alston v. West,* 340 F.2d 856, 858 (7th Cir. 1965). But counsel for both sides should have been permitted to argue, on the basis of the evidence, methods for measuring damages for future loss of earning capacity and pain and suffering. To clarify their presentation, counsel may also be allowed, in the court's discretion, to use a blackboard for computing and itemizing damages. *Mirabile v. New York Central Railroad Co.,* 230 F.2d 498, 500 (2d Cir. 1956). Such information, however, should not remain before the jury after the conclusion of counsel's argument. *Haycock v.*

*Christie,* 101 U.S.App.D.C. 409, 249 F.2d 501, 502 (1957).

■■ Since damages for pain and suffering are difficult to evaluate in monetary terms, the court has discretion to impose reasonable limitations on counsel's arguments. *Mileski v. Long Island Rail Road Co.,* 499 F.2d 1169, 1174 (2d Cir. 1974). If the court, in its discretion, concludes that the summation would not have an unduly prejudicial effect, it may permit counsel to suggest a monetary figure for the award or to illustrate damages for a unit of time multiplied by the expected duration of suffering. *Baron Tube Co. v. Transport Insurance Co.,* 365 F.2d 858, 864 (5th Cir. 1966); *see* D. Dobbs, *Handbook on the Law of Remedies* 544–48 (1973). If such argument is allowed, however, the court should caution the jury that the dollar figures mentioned by counsel do not constitute evidence but merely represent argument which the jury may disregard in its deliberations. *Mileski v. Long Island Rail Road Co.,* 499 F.2d at 1174; *Baron Tube Co. v. Transport Insurance Co.,* 365 F.2d at 865.

Reversed and remanded.