**Thomas I. JOCK, Plaintiff,**

v.

**CANADIAN NATIONAL RAILWAY COMPANY, Defendant.**

No. 78–CV–128.

United States District Court,
N.D. New York.

Dec. 22, 1982.

Poissant & Twiss, P.C., Malone, N.Y., for plaintiff; Joseph M. Poissant, Malone, N.Y., of counsel.

Fischer, Hughes, Bassette & Edwards (formerly Fischer & Hughes), Malone, N.Y.,

for defendant; Henry A. Fischer, Malone, N.Y., of counsel.

JAMES T. FOLEY, Senior District Judge.

## MEMORANDUM–DECISION and ORDER

The issues in this action were tried to a jury in Albany in a three-day trial. The plaintiff, while working as a section hand for the defendant Railway Company, was injured on October 28, 1977. The action is one under the Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq. The six-member jury returned a verdict in favor of the plaintiff on September 24, 1982, in an amount of $400,000.00. The trial attorneys for the parties were Joseph M. Poissant and Henry A. Fischer.

The defendant filed a Notice of Motion for a new trial under F.R.Civ.Proc. 59(b–d) that is dated October 11, 1982, and was returnable November 15, 1982. The grounds stated in support of the motion for a new trial are that the money damages awarded are excessive, and that it was error for the trial court to refuse to have the damage computations made by the plaintiff's trial counsel on a blackboard either erased or removed from the jurors' sight after he finished his closing argument. It is further stated in the Notice of Motion that the blackboard computations remained in front of the jury during the court's charge and on two occasions that the jury returned for further instructions.

To follow the discussion herein and for convenient reference, a transcript of the proceedings that took place in Chambers and in open court on September 24, 1982, in relation to the case shall be filed with this decision. The portion of the transcript covers a brief discussion in Chambers with the attorneys before their closing arguments, the instructions of the court to the jury, the supplementary instructions in open court in answer to several questions posed in the first note from the jury, and the denial in open court after the return of the verdict of a motion by Attorney Fischer to set aside the verdict as against the weight of the credible evidence, and as excessive as a matter of law. A second note from the jury requested two medical forms that were not received in evidence. With the agreement of the attorneys, the second note was so marked and returned to the jury without convening in open court. The attorneys did not request and were aware that their closing arguments would not be recorded by the court reporter.

The affidavit in opposition to the motion for a new trial presents the important threshold question that the motion is untimely. F.R.Civ.Proc. 59(b) specifically provides that a motion for a new trial shall be served not later than 10 days after the entry of judgment. *See also* F.R.Civ.Proc. 50(b). Upon the return of the verdict for $400,000.00 on September 24th, I advised Attorney Fischer in open court that I would take his motion. (Tr. 319). The motion was then made to set aside the verdict as against the weight of evidence and excessive as a matter of law, and after my inquiry as to whether that was his complete motion, the motion was denied. I then directed the entry of the judgment in favor of the plaintiff and against the defendant for $400,000.00, and advised Attorney Fischer that the entry would be made in the Clerk's office at Utica, and the time for appeal would run immediately upon the entry of that judgment upon the court docket. (Tr. 320). Through inadvertence in the Clerk's office, the judgment was not entered forthwith as directed in F.R.Civ.Proc. 58(1). An affidavit of the Secretary for Attorney Fischer states she inquired of the Clerk's office about the entry of judgment on September 30, 1982, and was told no judgment had yet been entered. The affidavit further states that a card was not received from the Clerk's office until October 7, 1982, advising that a judgment for $400,000.00 was entered on the docket on September 24, 1982. The motion for a new trial under consideration is dated October 11, 1982, and served upon the attorney for the plaintiff on October 13, 1982. It is questionable whether my ruling from the Bench denying the motion to set aside the verdict as excessive would allow further

**460**

consideration in that respect. However, due to the uncertainty of date of entry of the judgment, and the possibility of clerical mistake, it seems only fair to accept the motion as timely and reach and decide its merits. *See* F.R.Civ.Proc. 60(a).

■ In regard to the blackboard incident, I learned early in my judicial career that the use of a blackboard during the summation of counsel was not disapproved in the Second Circuit. *See Mirabile v. N.Y. Central RR Co.*, 230 F.2d 498, 500 (2d Cir.1950). In this instance, without any objection or protest from defense counsel, the attorney for the plaintiff did place computations of money damages on the blackboard amounting to the sum of $536,000.00. As noted previously, the summations were not taken on the record and there is no transcript of what was actually said when the computations were placed upon the blackboard. In this motion, it is not urged that the blackboard computations should not have been allowed, but that it was prejudicial to the defendant to allow the blackboard with the computations to remain in sight of the jury during the instructions and supplementary instructions of the court. There is now cited two cases by the defendant from other circuit courts cautioning that the blackboard computations should be removed from the view of the jury after the summations and not remain during the charge of the court. *Murphy v. National RR Passenger Corp.*, 547 F.2d 816, 818 (4th Cir.1977); *Haycock v. Christie*, 249 F.2d 501, 502 (CADC 1957).

These cases were not called to my attention by defense counsel before the use of the blackboard, or during its use, or at the time defense counsel came up to the Bench at the end of summation by plaintiff's counsel and requested the removal of the blackboard. A ten-minute recess was taken after the closing arguments. (Tr. 287). It was then that Attorney Fischer came to the Bench, elevated from the court reporter, and asked for removal of the blackboard. Our conversation of a few seconds was not recorded, but I did decline his request to remove the blackboard from the well of the

courtroom. My thought then was, and still is, that based upon my trial experience with a jury, removal of such demonstrative exhibits, at times, calls more attention to it than allowing it to stay in place. It is important to note that the blackboard was approximately fourteen feet from the jury box at the end of two lengthy counsel tables. The blackboard was not in a direct line of vision between the jury and the Bench when the general instructions on the law were given by the court or when the supplementary instructions were given in open court in answer to questions in the first note from the jury. (Tr. 306–316).

The defendant's counsel also sets forth in his affidavit the final figures discussed in the negotiations for possible settlement. I did hold up the closing arguments and instructions in the hope that the discussions would be fruitful. (Tr. 284). In fairness to the plaintiff, the proposed settlement amount stated by his attorney began at $235,000.00. These settlement figures, in my judgment, are not entitled to much consideration, if any, in a determination as to excessiveness of a verdict. The lesson is taught again that it is risky business, for both parties, to go to a jury when a reasonable compromise can be reached.

■ Finally, the important consideration in a motion for a new trial based upon excessiveness of the verdict is whether there is support in the trial record for the amount awarded. *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir.1978). The plaintiff received severe and crippling injuries to his left foot and ankle when it was crushed between two railroad rails. The negligence of fellow employees and the lack of fault on the part of the plaintiff is clearly proven by the evidence relating to the happening of the accident. The plaintiff was twenty (20) years of age when the accident happened and has a life expectancy of 52 years. He was totally disabled from work for about a two-year period. He and his wife testified at the trial concerning his pain and discomfort, and the prognosis is definite that the pain will continue. He has already undergone bone grafting and the insertion of a

screw into the fracture fragments of his lower left leg. The medical testimony of his treating orthopedic surgeon, absolute and uncontroverted, is that traumatic arthritis is increasing in the impaired leg. The doctor testified that his injuries will worsen in the next few years, and he will have to have either a complete resection of the ankle joint with insertion of an artificial ankle joint, or a fusion of the ankle bones. The plaintiff is handicapped now in doing the heavy work of his occupation, and the prognosis is that he will be prevented in the future from his usual employment of doing any of this type of heavy work or labor. It is clear in the record that his personal and social activities will be curtailed to a great extent. In my judgment, strong and uncontradicted evidence in the record support the verdict and amount of money awarded. In no sense, with the support in this record, can I consider the amount of money awarded as excessive. *See Dagnello v. Long Island RR Co.,* 289 F.2d 797, 802 (2d Cir.1961).

The motion for a new trial is denied on the merits.

It is so Ordered.