814 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl BRANCIFORTE, Appellant,
LEESBURG INSTITUTE, INC., T/A Springwood Psychiatric Inst.,
and C. Gibson Dunn, Dr., Appellees,
Dr. John P. Snead, Dr. Christopher Snyder, III, Dr. Ronald
Garson, Defendants.
 No. 86-3037.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided March 19, 1987.
 
 1
 E.D.Va.
 
 
 2
 AFFIRMED.
 
 
 3
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (C/A 85-843).
 
 
 4
 W. Michael Holm (Alan B. Croft; Hazel, Beckhorn and Hanes, on brief), for appellant.
 
 
 5
 Thomas A. Guidoboni (Bonner & O'CONNELL, on brief), John J. Brandt (Slenker, Brandt, Jennings & Johnston, on brief), for appellees.
 
 
 6
 Before HALL and CHAPMAN, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 
 
 7
 PER CURIAM: Carl Branciforte appeals from the district court's order entered upon a jury verdict in favor of the defendants in this medical malpractice action brought in diversity. We affirm.
 
 I.
 
 8
 On March 25, 1983, Branciforte, a 28 year-old resident of New Jersey, was admitted to Springwood Psychiatric Institute ("Springwood"), of Loudoun County, Virginia, for treatment. Springwood is owned and operated by Leesburg Institute, Inc. ("Leesburg"). Three days later, appellant was diagnosed as a manic depressive by Gibson Dunn, M.D., Medical Director of Springwood. Dr. Dunn concluded that medication was necessary to treat Branciforte's depression and prescribed a daily dose of lithium carbonate ("lithium").
 
 
 9
 Appellant's condition worsened. On March 30, two days after lithium treatment began, he experienced a seizure. On April 1, Branciforte's temperature rose to 101 degrees, prompting a test tc analyze the amount of lithium in his blood. Although the blood test revealed a normal lithium level, three days later, a second blood analysis revealed an intolerable lithium level. Because the procedures of this blood test were questioned, Dr. Dunn did not terminate lithium treatment until April 4, when results of a third test revealed an excessive level of lithium in Branciforte's blood stream. That day, Branciforte fell into a coma, which lasted approximately six weeks.
 
 
 10
 In August, 1985, Branciforte filed this medical malpractice action against Dr. Dunn, Leesburg and Springwood pursuant to 28 U.S.C. Sec. 1332 (1976), alleging that Dr. Dunn caused his coma by failing to prescribe the proper types and quantities of medicine necessitated by his condition. The jury returned a verdict in favor of defendants and this appeal followed.
 
 II.
 
 11
 On appeal, Branciforte contends that the district court committed reversible error by (1) refusing to strike a juror for cause, (2) restricting appellant's ability to develop the qualifications of his expert witnesses, and (3) permitting defendants' expert witness to state an opinion not held with a reasonable degree of medical certainty. We disagree with all of these contentions.
 
 
 12
 Branciforte argues that the district court erred in refusing to strike for cause Theresa Houff, an occupational therapy assistant who was acquainted with one of the non-party physicians testifying for appellee as an expert witness. The district judge refused to strike Ms. Houff, reasoning that she knew none of the parties to the litigation and had indicated that she could render a fair and impartial verdict based on the evidence presented. This Court has held that "[t]he trial judge's discretion in such matters is very broad and his decision will not be overturned except for manifest abuse of discretion." United States v. Grandison, 780 F.2d 425, 433 (4th Cir.1985). We find no abuse of discretion in the district court's refusal to strike Ms. Houff for cause.
 
 
 13
 Nor are we convinced that the district court abused its discretion by preventing extensive questioning into the credentials of Branciforte's expert witnesses. In Murphy v. National R.R. Passenger Corp., 547 F.2d 816 (4th Cir.1977), we found reversible error when a district court refused to admit any evidence explaining a witness' credentials after he was qualified as an expert and then instructed the jury that it could disregard the expert's opinion for lack of education and experience. However, the instant case is distinguishable. Here, not only were the witnesses permitted to explain some of their credentials after being qualified as experts, but the witnesses' entire credentials were admitted into evidence in written form.
 
 
 14
 Finally, we reject appellant's contention that the district court committed reversible error in admitting the testimony of Dr. Weinberger, an expert witness for the defense. Dr. Weinberger opined that Branciforte's coma was caused by viral encephalitis, an inflammation of the brain, which could not be caused by Dr. Dunn's negligence. Dr. Weinberger, however, could not state that there was sufficient information to know the cause of the coma "with a reasonable degree of medical certainty." Although expert opinions not held to a reasonable degree of medical certainty are generally not admissible, Spruill v. Commonwealth, 221 Va. 475, 271 S.E.2d 419 (1980), any error which may have resulted in the instant case is harmless. Because four other physicians testified with certainty that viral encephalitis caused appellant's coma, we are not convinced that the jury relied upon Dr. Weinberger's statement.
 
 III.
 
 15
 Accordingly, for the foregoing reasons, we affirm.
 
 
 16
 AFFIRMED.