damnum usually fixes the amount necessary to give jurisdiction. But that is where the damages are left to the discretion of the jury. Where the damages are fixed by contract of carriage at less than the jurisdictional amount, it is elementary that the court can not entertain jurisdiction simply because of allegations of large damages incidental to the breach of contract. Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20.

The judgment of the District Court was right. It is affirmed.

PER CURIAM.

■ This case came on to be heard upon the record, briefs, and argument of counsel; and it appearing that the only question presented relates to the sufficiency of the evidence, and that no motion was made for a directed verdict at the conclusion of all the evidence; and it appearing that this court will not consider the sufficiency of the evidence unless it is satisfied that there has been a miscarriage of justice (Roney v. United States, 6 Cir., 37 F.2d 341); and it also appearing from the record that the evidence amply supports the verdict and judgment and that no injustice has been done:

It is ordered, adjudged and decreed that the judgment be, and it hereby is, affirmed.

## NAILLING v. UNITED STATES.

### No. 8955.

Circuit Court of Appeals, Sixth Circuit.

Dec. 10, 1941.

## FISSEL v. TRANSAMERICAN FREIGHT LINES, Inc.

### No. 8793.

Circuit Court of Appeals, Sixth Circuit.

Dec. 3, 1941.

Dwyane D. Maddox, of Huntingdon, Tenn., for appellant.

Wm. McClanahan, U. S. Atty., of Memphis, Tenn., for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

Olds & McCarty, of Mt. Gilead, Ohio, and John Matthews, of Columbus, Ohio, for appellant.

Vorys, Sater, Seymour & Pease, of Columbus, Ohio, for appellee.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.