## STURM v. CHICAGO & N. W. RY. CO.
### No. 13337.

Circuit Court of Appeals, Eighth Circuit.
Sept. 30, 1946.

Ernest A. Michel, of Minneapolis, Minn. (Tom Davis and Carl L. Yaeger, both of Minneapolis, Minn., on the brief), for appellant.

Warren Newcome, of St. Paul, Minn. (Alfred E. Rietz, of St. Paul, Minn., and Nye F. Morehouse, of Chicago, Ill., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

Gustav C. Sturm (who will be referred to as plaintiff), while employed by the defendant Railway Company (appellee) as a brakeman in Chicago, Illinois, fell from the top of a box car and was injured. He brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover damages for his injuries.

In his complaint the plaintiff charged that the Railway Company was negligent in failing to equip the car from which he fell with an efficient hand brake as required by the Federal Safety Appliance Act of 1910, § 2, 45 U.S.C.A. § 11, and that his injuries were the proximate result of such negligence. The Railway Company denied that the brake was inefficient and that its alleged failure to operate properly caused the plaintiff's injuries. The issues were tried to a jury. The evidence of the plaintiff tended to prove that the brake was inefficient and inoperative and that his injuries were due to its failure to operate. The evidence of the defendant tended to show that the brake was efficient and that the plaintiff's injuries could not have resulted from a defect in the brake. Neither party moved for a directed verdict at the close of the evidence. The issues were submitted to the jury. There were no requests for instructions. No exceptions were taken to the trial court's charge. The jury returned a verdict for the defendant, upon which a judgment was entered. The plaintiff has appealed from the judgment.

It is obvious that this appeal presents no question which is reviewable by this court. No ruling of the trial court is challenged. The question of the sufficiency of the evidence to support the verdict is not subject to review, since that question was not presented to the trial court by a motion for a directed verdict or any other equivalent action. Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175, 176, and cases cited. This court is without power to retry this case. It cannot concern itself with the credibility of witnesses or the weight of evidence. Booth v. Gilbert, 8 Cir., 79 F.2d 790, 792, 793; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444; Dierks Lumber & Coal Co. v. Mabry, 8 Cir., 128 F.2d 1005, 1007; Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520. The verdict of the jury, whether right or wrong, was completely determinative of the issues of fact tried and submitted.

The judgment is affirmed.