**TRADERS & GEN. INS. CO. v. SHOE-MAKE et al.**

**No. 4478.**

United States Court of Appeals Tenth Circuit.

Sept. 29, 1952.

George E. Fisher, Oklahoma City, Okl. (James E. Grigsby, Oklahoma City, Okl., on the brief), for appellant.

Duke Duvall, Oklahoma City, Okl. (Dudley, Duvall & Dudley, Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

**PER CURIAM.**

Trigg Drilling Company was engaged in the drilling of a deep well in Oklahoma. A. J. Alexander and J. R. Townsend, employees of the company, were working at the well. Ernest L. Shoemake and Ernest L. Shoemake, Jr., were co-partners engaged in business as Shoemake Butane Company. While butane gas was being delivered from a truck owned by Shoemake Butane Company to a storage tank at the well an explosion occurred and Alexander and Townsend sustained personal injuries. An award was made to each of the injured workmen under the Workmen's Compensation Act of the state. Traders & General Insurance Company, the insurance carrier of Trigg Drilling Company, paid the awards and thereafter instituted this action against Ernest L. Shoemake and Ernest L. Shoemake, Jr., to recover as damages the amounts it has paid. The issues as finally joined were negligence of the defendants and contributory negligence on the part of Alexander and Townsend. The cause was tried to a jury; a verdict in favor of the defendants was returned; judgment was entered accordingly; and the plaintiff appealed.

The only contention urged for reversal of the judgment is that the verdict of the jury in favor of the defendants is not sustained by any substantial evidence. But plaintiff did not move for a directed verdict, and it is well settled that such a motion or other like request is necessary to raise on appeal the legal question of the insufficiency of the evidence to support the judgment. In the absence of a motion or request of any kind for a directed verdict,

the insufficiency of the evidence to support the verdict and judgment based thereon is not open to review in this court. New York Life Insurance Co. v. Doerksen, 10 Cir., 75 F.2d 96; Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272; Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175; Edwards v. Craig, 7 Cir., 138 F. 2d 608; Itzkall v. Carlson, 2 Cir., 151 F.2d 647; Jorgensen v. York Ice & Machinery Corp., 2 Cir., 160 F.2d 432, certiorari denied, 332 U.S. 764, 68 S.Ct. 69, 92 L.Ed. 349; Boston Insurance Co. v. Fisher, 8 Cir., 185 F.2d 977.

The judgment is Affirmed.