284 P.2d 1024

Michael J. BONDANZA, Plaintiff-Appellee,

v.

Pete MATTEUCCI, Defendant-Appellant.

No. 5910.

Supreme Court of New Mexico.

June 9, 1955.

Iden & Johnson, Albuquerque, for appellant.

Joseph L. Smith, Arturo G. Ortega, Albuquerque, for appellee.

McGHEE, Justice.

Complaint was filed in this case alleging the defendant was indebted to the plaintiff. At the conclusion of the plaintiff's case the defendant moved for a directed verdict, which was denied. The defendant then put on his testimony in defense. The case was submitted to a jury which returned a verdict in favor of the plaintiff for the sum of $6,200. Judgment was thereafter entered for the plaintiff for the aforesaid sum. The defendant filed motion for judgment notwithstanding the verdict as to all but $1,000 of the verdict, and an alternative motion for new trial. Both motions were denied.

On this appeal by defendant three assignments of error are made and argued. They are: first, that the lower court erred in denying defendant's motion for a directed verdict at the close of plaintiff's case; second, that the court erred in not granting defendant's motion for judgment notwithstanding the verdict; and, lastly, that the court erred in not awarding defendant a new trial upon his motion therefor.

Because of the state of the record in this case the defendant's first and second assignments of error are not available to him on this appeal. Our Rule 50, § 21–1–1 (50), 1953 Comp., reads as follows:

"Motion for a directed verdict.

"(a) When Made—Effect. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor.

"(b) Reservation Of Decision On Motion. Whenever a motion for a directed verdict made *at the close of all the evidence* is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten (10) days after the recep-

tion of a verdict, *a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict;* or if a verdict was not returned, such party, within ten (10) days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." (Emphasis supplied.)

■■■ When the defendant proceeded to put on his case after the denial of his motion for a directed verdict made at the end of the plaintiff's case, he waived error, if any, in the lower court's refusal to grant such motion. Apodaca v. Allison & Haney, 1953, 57 N.M. 315, 258 P.2d 711. The motion was not renewed at the close of the entire case, so there is nothing upon which to predicate a claim of error in this regard.

The unanimous interpretation of Federal Rule 50 (b), 28 U.S.C.A., from which New Mexico's rule of the same number was taken verbatim, is that a motion for a directed verdict at the close of all the evidence is a prerequisite to a motion for judgment notwithstanding the verdict. 5 Moore's Federal Practice (2d Ed.) p. 2328; 2 Barron & Holtzoff (1950 Ed.) §1079, at p. 774; Boston Ins. Co. v. Fisher, 8 Cir., 1950, 185 F.2d 977; Southeastern Greyhound Lines v. McCafferty, 6 Cir., 1948, 169 F.2d 1; Minnehaha County, S.D. v. Kelley. 8 Cir., 1945, 150 F.2d 356; Mutual Benefit Health & Accident Ass'n v. Thomas, 8 Cir., 1941, 123 F.2d 353; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 1941, 122 F.2d 350.

Rule 50 (b) as so interpreted by the federal courts apparently formed no departure from the previous practice in those courts. Ilsen and Hone, "Appellate Practice Under Federal Rules", 2 Fed. Rules Serv. 720, at p. 730; Mutual Benefit Health & Accident Ass'n v. Bowman, 8 Cir., 1938, 99 F.2d 856; New York Life Ins. Co. v. Doerksen, 10 Cir., 1935, 75 F.2d 96. See also Annotation, "Motion For Judgment", 85 L.Ed. 155, at subd. c, "Necessity of Motion for Directed Verdict", p. 163.

■■■ Under the plain language of the rule we think it beyond question that a motion for a directed verdict at the close of all the evidence is a prerequisite to a motion

for judgment notwithstanding verdict. We also note that under provisions similar to our rule the courts of Minnesota and North Dakota have announced the same conclusion. Callahan v. City of Duluth, 1936, 197 Minn. 403, 267 N.W. 361; Landis Mach. Co. v. Konantz Saddlery Co., 1908, 17 N.D. 310, 116 N.W. 333.

The remaining assignment of error relates to the lower court's denial of the defendant's motion for a new trial. We believe it would serve no useful purpose to detail here the contentions of the parties and the evidence presented. We have examined the record and find that although the evidence is conflicting, there is substantial evidence to support the verdict and judgment and we see no abuse of discretion in the denial of this motion. Mitchell v. Forster, 1955, 59 N.M. 226, 282 P.2d 708; Adams v. Cox, 1951, 55 N.M. 444, 234 P.2d 1043.

A cross appeal by plaintiff was abandoned.

The judgment will be affirmed. It is so ordered.

COMPTON, C. J., and SADLER, J., concur.

LUJAN, J., not participating.

KIKER, J., not participating.