**Bernard J. MAHONEY, Plaintiff-Appellant,**

v.

**NEW YORK CENTRAL RAILROAD and Universal Concrete Pipe Company, Defendants-Appellees.**

**No. 352, Docket 23860.**

United States Court of Appeals Second Circuit.

Submitted April 12, 1956.

Decided June 29, 1956.

---

7. United States v. Walker Co., 3 Cir., 1945, 152 F.2d 612.

Milton Karz, Rochester, N. Y., for plaintiff-appellant.

Harris, Beach, Keating, Wilcox & Dale, Rochester, N. Y. (Edward R. Macomber and Thomas M. Hampson, Rochester, N. Y., of counsel on the brief), for defendant-appellee New York Cent. R. R.

Nier & Doyle, Rochester, N. Y., for defendant-appellee Universal Concrete Pipe Co.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

Plaintiff Bernard J. Mahoney brought suit against defendant New York Central Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for injuries he sustained in the course of his duties as yard clerk in the employ of the railroad. Plaintiff, a resident of New York, also joined Universal Concrete Pipe Company, an Ohio corporation, as a defendant because of diverse citizenship.

At about 3:30 A. M. on December 11, 1953, while Mahoney was engaged in marking a train in the New York Central's Goodman Street yards in Rochester, New York, the train began to move and he climbed on. As that train passed a stationary gondola car in the yard a wire or wires protruding from the car caught him under his right eye and produced the injuries of which he complains. A few hours previous to this incident the gondola car had been picked up by the railroad from the Universal Concrete Pipe Company after Universal had unloaded from it a shipment of wire mesh.

The claim against the New York Central was based on its alleged negligence in not properly examining the car and discovering and removing the wire. The claim against Universal Pipe was based on its alleged negligence in unloading the car without removing the wire which caused the injury. The jury returned a verdict in favor of both defendants and the plaintiff appeals.

The plaintiff seeks first to challenge the verdict on the ground that it is not supported by the evidence. Since he made no motion for a directed verdict, however, he cannot raise any question as to the legal sufficiency of the evidence. Srybnik v. Epstein, 2 Cir., 1956, 230 F.2d 683, 686. Nor can he challenge the verdict as against the weight of evidence

since the trial judge's denial of the motion for a new trial on that ground was within his discretion and therefore not reviewable. Srybnik v. Epstein, supra.

The plaintiff also complains of the exclusion of certain evidence. It was the plaintiff's contention that the protruding wire which injured him was left on the gondola by Universal Concrete Pipe when it unloaded its shipment of wire mesh. In support of this theory the plaintiff sought to show that there was a general custom or practice of securing the top bales of such a shipment by means of wires attached to the sides of the gondola. He attempted to prove this loading practice by the testimony of witnesses Darling, Senese, and Fisher. Darling and Fisher were New York Central brakemen who had observed over a period of time the cars which were delivered to Universal Concrete Pipe and the manner in which they were loaded. Senese was an inspector for the railroad. Through him the plaintiff sought to show that loading rules prescribed by the Association of American Railroads required that the top bales of a load of wire mesh be wired to the sides of the gondola car. On the objection of Universal Pipe the testimony of Darling was excluded. The testimony of Senese and Fisher was admitted against the railroad only, and the charge permitted its use only against the railroad. The railroad objected at no time to the admission of any of this evidence.

 There was no error against the railroad. The only evidence excluded with respect to it was the testimony of Darling. This would merely have been cumulative since the testimony of Senese and Fisher was received. Moreover, the railroad did not object to admission of the testimony and we should be reluctant to penalize it for an erroneous ruling in which it did not participate.

 As to Universal Concrete Pipe, however, the exclusion of the evidence of these three witnesses was error. The plaintiff was entitled to show, if he could, that Universal, in unloading the car, negligently left a piece of wire attached

thereto. To prove this, it was necessary for him to prove that the wire was on the car when it reached Universal. Evidence of a practice to tie the cargo to the car when the car is loaded tended to support this latter proposition and was admissible for that purpose. Eaton v. Bass, 6 Cir., 1954, 214 F.2d 896; cf. Cereste v. The New York, New Haven and Hartford Railroad Company, 2 Cir., 1956, 231 F.2d 50; See 1 Wigmore on Evidence §§ 92, 93 (3rd ed. 1940).

The judgment is affirmed as to the railroad and reversed as to the Universal Concrete Pipe Company.