Joseph **ROTONDO**, Plaintiff-Appellant,

v.

**ISTHMIAN STEAMSHIP CO., Inc.,**
Defendant-Appellee.

No. 294, Docket 24429.

United States Court of Appeals
Second Circuit.

Argued April 8, 1957.

Decided May 2, 1957.

582

Ralph Stout, New York City, Thomas O'Rourke Gallagher, Brooklyn, N. Y., for appellant.

George S. Pickwick, Garvey & Conway, New York City, for appellee.

Before HAND, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

The plaintiff, a longshoreman, appeals from a judgment against him, entered on a verdict in an action to recover for personal injuries, suffered on board one of the defendant's ships where he was at work as a "business visitor." The jurisdiction of the district court depended upon diversity of citizenship; and the facts were in substance as follows. The defendant's vessel was moored to a pier in Brooklyn, and the plaintiff was employed by a stevedoring company that had contracted to lade her. While standing on the edge of one of the hatches, he slipped and fell to a lower deck, suffering the injuries in question. He alleged that the hatch was ill-lighted and that the coaming of the hatch where he fell was slippery from grease, which made the ship not a reasonably safe place to work. The presence of the grease upon the edge of the hatch he proved by two witnesses, whom the defendant called no witnesses to rebut, relying upon its cross-examination and the inherent weakness of the witnesses' testimony. At the conclusion of the evidence the plaintiff did not move for the direction of a verdict in his favor on the issue of the defendant's liability, nor did he except to any part of the judge's charge. The judge ordered a sealed verdict which, being returned for the defendant, the plaintiff at once moved to set aside as contrary to the law and the weight of the evidence. This the judge denied and entered judgment in favor of the defendant, and the plaintiff appealed. About two months later the plaintiff moved this court, before which the appeal was pending, for an order authorizing the clerk of the district court to furnish the plaintiff's attorney with the names and addresses of the jurors, for permission to interview and question them, and to put their statements in affidavit form. This court denied the motion but suggested that such a motion might be made in the district court, and the plaintiff did so move, adding to the relief demanded that, if he had difficulty in getting statements from the jurors, subpoenas should issue directing them to appear in court to testify. This motion Judge Galston denied, and the plaintiff has appealed from this order as well as from the judgment. Upon the appeal he raises three questions: (1) that the verdict was without support in the evidence; (2) that he should have been allowed to examine the jurors as to improper influences that had affected the verdict; and (3) that what the judge said to the jury after the charge constituted reversible error. We reserve a statement as to the evidence upon the last two points until we dispose of the first.

 As we have said, the plaintiff did not move for a directed verdict, so that, if he has any relief, it can only be because his motion should have been granted to set aside the verdict as against the weight of the evidence. We have again and again held that if a party does not ask for a directed verdict he may not raise the insufficiency of the evidence to sustain it on appeal.[1] Even were this not true, it is hornbook law

1. Harriman v. Midland Steamship Line, 2 Cir., 208 F.2d 564 (and cases cited); Srybnik v. Epstein, 2 Cir., 230 F.2d 683; Mahoney v. New York Central Railroad, 2 Cir., 234 F.2d 923.

that the question rests in the discretion of the judge, and that when the verdict depends upon the credibility of witnesses the jury is free to accept or reject what they say. Especially was this true in the case at bar, for the testimony as to the existence of the grease at the edge of the hatch was far from conclusive. One witness said of the place where the plaintiff stood: "It looked like there was some grease there. It was filthy, there was dirt." The other said that he saw a spot which was of the "color of grease." All that the plaintiff himself said was that he slipped and fell.

The plaintiff's second point was the denial of his motion to examine the jury: it was based on the following facts. After the verdict had been entered and the jurors released, the plaintiff's attorney was trying to explain to him why the verdict should have been in his favor, and several of the jurors, who were nearby, joined in the talk. These jurors declared that the steamship company was not the proper party to sue, because the ship was not responsible; and it was the employer who should have given the plaintiff a safe place to work. Another of the jurors complimented the attorney for the way he tried the case but said: "You made a mistake—you sued the wrong party—you should have sued his employer"; with which five of the jurors agreed, and the foreman—a woman—added: "you know the law says that 'the employer must provide a safe place for the employee to work.' You sued the ship, and that was wrong." Some of the jurors added that they could not be wrong about this because Judge Galston had definitely so stated to them in other cases on which they had sat; and it was the fact that several members of the jury had been members of the jury in a similar case tried at the same term before Judge Galston, brought by railroad employees under the Federal Employers' Liability Act, 45 U.S.C.A. § 51

et seq., in which he declared that the employer must provide a safe place for the employee to work.

The motion wholly misconceives the law relating to this subject. There have indeed been cases where the court has set aside a verdict because evidence was brought before the jury outside of court; Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L. Ed. 917, is the leading decision upon that point. However, it is completely well settled that, when objection rests upon the jurors' testimony as to what were the reasons that in fact induced them to find their verdict, the court will not hear them.[2] That is not indeed because the verdict would, or could, survive the facts if they were disclosed; but because the law will not permit a decision to be reopened to which all have assented. Wigmore likens the situation to that that refuses to consider parol evidence to vary a written instrument.

The plaintiff's third objection is to a comment of the judge after the case had been submitted, and while the jury was before him when he ordered a sealed verdict. One juror asked whether, if they were in favor of the defendant, the plaintiff could "be awarded any amount?", to which he said that the plaintiff could not be. The same or another juror then asked whether "the plaintiff has any other avenues open to him if we disagree"; to which the judge answered, "I am afraid that isn't a matter for consideration. Generally speaking, of course, you know that there is in the State of New York a compensation statute between employers and employees." After the jury had again retired the plaintiff's attorney said to the judge: "With reference to compensation I feel the statute of limitations would bar us." To which the judge replied: "I am not going into that. I will not discuss that." It will be noted

---

**2.** Hyde v. United States, 225 U.S. 347, 383, 384, 32 S.Ct. 793, 56 L.Ed. 1114; Clark v. United States, 289 U.S. 1, 18, 53 S.Ct. 465, 77 L.Ed. 993; Stein v. People of State of New York, 346 U.S. 156, 178, 73 S.Ct. 1077, 97 L.Ed. 1522; Jorgensen v. York Ice Machinery Corp., 2 Cir., 160 F. 2d 432, 435; Wigmore, § 2349.

that when the judge spoke of the Workmen's Compensation Act, McK.Consol. Laws, c. 67, § 1 et seq., he had just categorically told the jury that the possibility of any other recovery was not "a matter for consideration"; so that, if they followed his instructions, the mention of the Compensation Act was harmless. It must be owned, however, that the comment was not a happy addition; indeed, we cannot deny that its only effect, if it had any whatever, was to suggest that the plaintiff might have that relief from his employer that he had just said was no concern of theirs. Nevertheless, we are not willing to assume that this could have cancelled the effect of his statement that the existence of any other remedy should not concern them. We will not clutch at gossamers.

Judgment affirmed.