**Yancey Cecil STRICKLAND and Yancey Kirby Strickland, a minor by and through his next friend and father, Yancey Cecil Strickland, Appellants,**

v.

**Harry Dunn PERRY, Appellee.**

**No. 16308.**

United States Court of Appeals Fifth Circuit.

April 12, 1957.

Rehearing Denied May 23, 1957.

J. B. Hodges, Lake City, Fla., for appellants.

John H. Carter, Jr., Marianna, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

John R. BROWN, Circuit Judge.

From a judgment entered on a jury verdict for defendant, plaintiff-appellant is here seeking reversal for a new trial to recover for personal injuries suffered in an automobile-child pedestrian accident.

Driving north on State Road 231, the defendant driver approached the small community of Hiland Park, Florida, about noon of July 22, 1955. To his left was the grouping of service stations, houses, and stores comprising the "business section" of the community. To his right, paralleling the highway was a railroad track and, still farther over, several houses partially concealed by trees. The day was bright and clear; the highway dry. As defendant driver drew near the mid-point of the community, Yancey Kirby Strickland, a child of five years and ten months, suddenly ran "just as fast he could go with his head down" and

"like the devil himself was after him * * *" from the door of his grandfather's combination store and service station into the path of the automobile and was struck by its left front fender. Yancey suffered a fracture of the skull and right thigh and multiple contusions and abrasions. Residing as he did in one of the houses located across the highway and railroad track, the boy frequently crossed the highway at this point to reach a path leading to his home.

■■ Appellant's contention that the verdict is without sufficient supporting record evidence, if a claim that as a matter of law a verdict for the plaintiff would alone be warranted, fails for want of a motion for directed verdict. Boudreaux v. Mississippi Shipping Company, 5 Cir., 222 F.2d 954; Baten v. Kirby Lumber Corp., 5 Cir., 103 F.2d 272; Moore, Federal Practice (2d ed.) § 50.05[1]. And if asserted as a claim that we should overlook that procedural defect or reverse for failure of the trial court to grant a new trial because it was against the weight of the evidence likewise fails for want of demonstration that this was an error of law by abuse of the Court's discretion. See Kirby Lumber Corporation v. Laird, 5 Cir., 231 F.2d 812; Commercial Credit Corp. v. Pepper, 5 Cir., 187 F.2d 71.

The remaining alleged errors relate to procedural and evidentiary matters and rulings on instructions.

■ With no record at all made of voir dire examination of the jury panel, no abusive exercise of the trial court's discretion, Bass v. Dehner, 10 Cir., 103 F.2d 28, certiorari denied 308 U.S. 580, 60 S.Ct. 100, 84 L.Ed. 486; 5 Moore's Federal Practice § 4706, in limiting counsel's inquiry is shown. Moreover, the manifest,[1] but unpermissible, purpose of the examination was to "condition" the prospective jurors by placing before them certain of the plaintiff's conten-

---

1. Appellant in his brief noted that he was pursuing the interrogation "according to suggestions" contained in an attached legal article which stated that such ques-

tioning was "a matter of psychological propaganda technique" to highlight in a juror's mind at the outset certain contentions of the questioner.

tions of fact and law, rather than to inquire into the competency and qualifications of the prospective jurors. 50 C.J.S., Juries, § 273 a. The related complaint of the Court's action respecting two somewhat similar questions asked of defendant-driver on cross examination stands no better in demonstrating any harmful effect.

The trial court's refusal to give five requested charges resulted, according to appellant, in unduly minimizing the responsibility imposed by law on the motorist. Of the requested and refused charges, the subject matter was either completely and adequately covered in the fair and balanced charge, or was not applicable[2] to this fact situation.

■ While it appears that the Court's own question to, and the answer of, an investigating highway patrolman[3] was error under Florida law[4] in revealing that after the accident no driver violations were preferred, if harmful effect occurred, Fed.Rules Civ.Proc. rule 61, 28 U.S.C.A., it was not from this, but from the plaintiff's subsequent actions magnifying it. For, unlike a situation in which, with adverse ruling, a party is entitled further to examine without waiving objection to the Court's earlier ruling of exclusion or admission, 3 Am. Jur., Appeal and Error, § 277, pp. 53–54, what the plaintiff's counsel did here was to embark on a line of questions implying quite plainly that the defendant had been taken and held in custody by the sheriff[5] when, it is equally plain, counsel knew that if detained, it was for a short period and that the defendant on recross examination would be entitled to, would, could, and did,[6] show that he had been released next morning with no jail imprisonment or charges ever filed.

We have carefully examined the remaining assignments of error and find no merit in them.

Affirmed.

2. E. g., one requested a charge that an automobile must be so operated that it may be stopped within the range of the driver's vision. It was undisputed that the the car stopped well within the driver's forward vision. The question was not whether he could stop within his range of vision, but whether he was going too fast to stop if, within that range, a young child might suddenly dart out.

3. By defendant on cross examination:
"Q. On your report there, where you show under driver's violations—
"Mr. Hodges [plaintiff's counsel]: If the Court please, this is a part we can't get into. [Note: no ground of objection stated]
"The Court: You can't get into that, Mr. Carter [defense counsel]. You can ask him questions.
"Mr. Carter [defense counsel]: Your Honor, I want him to refresh his recollection. He referred to it. I want him to fresh his recollection on what the driver violations were.
"The Court: You can ask him if he made any driver's violation charges against him, if you want to; and, if so, what they were. You can approach it in that way. Did you prefer any driver violations against Mr. Perry?
"A. No sir, I did not.
"The Court: You did not. All right.
"Mr. Carter: That is all."

4. Eggers v. Phillips Hardware Company, Fla., 88 So.2d 507; Moseley v. Ewing, Fla., 79 So.2d 776.

5. Redirect examination by plaintiff's counsel:
"Mr. Hodges:
"Q. Did you contact the authorities? A. Yes sir, I did.
"Q. And what authorities were they? A. Deputy Sheriff Freeman of Bay County.
"Q. And you left him in their custody? A. Yes sir."

6. Mr. Carter, defense counsel:
"Q. Didn't you call Mr. Perry on the phone the next morning and tell him to go on? A. I did, yes sir.
"Q. He stayed there over night? A. Yes sir.
"Q. He was not in jail? A. No sir.
"Q. And you phoned him the next morning—
"Mr. Hodges: If the Court please, what happened is immaterial and irrelevant.
*       *       *       *       *
"Mr. Hodges: Was the last question answered?
"The Court: No sir, no sir. I don't think it is * * * immaterial * * * I am not going to leave him in jail when he wasn't in jail."