TRANS WORLD AIRLINES, INC., a Delaware Corporation, Appellant,

v.

Mary S. SHIRLEY, as Executrix of the Estate of Robert F. Shirley, Linda Shirley, a minor by and through her Guardian ad litem, Mary S. Shirley, and Mary S. Shirley, Appellees.

No. 17251.

United States Court of Appeals Ninth Circuit.

Oct. 20, 1961.

Crider, Tilson & Ruppe, and Henry E. Kappler, Los Angeles, Cal., for appellant.

Irving H. Green, Los Angeles, Cal., and George J. Jensen, Beverly Hills, Cal. (Andrew J. Weisz, Los Angeles, Cal., of counsel), for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from a wrongful death action commenced pursuant to Arizona law. The jury found appellant guilty of negligence and a judgment for $200,000 was entered in favor of appellees. The jurisdiction of the district court was founded upon the ground of diversity of citizenship between the parties, 28 U.S.C. § 1332. The jurisdiction of this court is invoked by sections 1291 and 1294(1) of Title 28, United States Code.

This action is an aftermath of a June 30, 1956, mid-air collision, between a Trans World Airlines Lockheed Constellation and a United Airlines DC–7, over the Grand Canyon. Captain Shirley, for whom this wrongful death action was brought, was the United pilot. Captain Gandy was the TWA pilot. The case was tried before a jury which brought in a verdict for the plaintiff.

We need not go into the facts. Four errors are specified:

1. The judgment is not supported by the evidence.

2. The evidence was insufficient as a matter of law to establish that appellant or any of its agents, servants or employees were guilty of any actionable negligence which was a proximate cause of any injury or damage to the appellees.

3. The appellees' decedent was guilty as a matter of law of contributory negligence, which proximately contributed to his death on the mid-air collision of the two airplanes involved.

4. As a matter of law, any presumption of due care which may have existed in favor of appellees' decedent was dispelled.

All such issues were submitted to the jury without objection or motion, either for a directed verdict or for a judgment non obstante veredicto. Under these circumstances, such errors as are here urged cannot be considered on this appeal. Zimmerman v. Emmons, 9 Cir.1955, 225 F.2d 97, 99; Oslund v. State Farm Mut. Auto. Ins. Co., 9 Cir.1957, 242 F.2d 813,

815.[1] The jury's verdict found that TWA's negligent acts or omissions were the proximate cause of the collision. No attack is made on the amount of damages awarded. No objection was raised to the instructions, either when given to the jury, or afterwards. No error in the introduction or exclusion of evidence is charged.

No plain error is found in the record. This court has no basis for setting aside the verdict and judgment entered below. United States v. Harrell, 8 Cir.1943, 133 F.2d 504.

Affirmed.

---

1. The rule is uniform throughout the circuits: Sears v. Pauley, 1 Cir.1958, 261 F.2d 304, 307; Contorno v. Flota Mercante Crancolumbiana, S.A., 2 Cir.1960, 278 F.2d 719, 720; Psinakis v. Psinakis, 3 Cir.1955, 221 F.2d 418, 422; Kirstner v. Atlantic Greyhound Corp., 4 Cir.1951, 190 F.2d 422, 423; Williams v. National Surety Corp., 5 Cir.1958, 257 F.2d 771; American Natl. Bank & Trust Co. v. Dean, 6 Cir.1957, 249 F.2d 82, 83; Charles v. Norfolk & Western Ry. Co., 7 Cir.1951, 188 F.2d 691, 692; Aetna Ins. Co. v. Barnett Bros., 8 Cir.1961, 289 F.2d 30, 33; Roberts v. Sawyer, 10 Cir.1958, 252 F.2d 286, 287.