Argued June 27, affirmed July 24, 1963

# MERRITT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

384 P. 2d 140

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, Portland, and Yates and Murphy, and Spencer Yates, Roseburg.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The plaintiff, Robert E. Merritt, sustained an injury to his heart while working as a logger, and was awarded compensation by the defendant, State Industrial Accident Commission, for permanent partial disability. Plaintiff appealed the commission's award to the circuit court, where a jury found that plaintiff was entitled to an award for permanent total disability. From the judgment based on said verdict the commission has appealed to this court.

■ Defendant made no motion for a directed verdict in the trial court, but attempts in this court to challenge for the first time the sufficiency of the evidence to support the verdict by alleging as error the denial of its motion for a judgment notwithstanding the verdict. Since ORS 18.140[①] makes a motion for a directed verdict a prerequisite to a motion for judgment notwithstanding the verdict based on insufficiency of the evidence, this assignment of error is devoid of merit.

---

[①] ORS 18.140. "(1) When it appears from the pleadings that the court has not jurisdiction of the subject of the action or the person of the defendant, or that the facts stated in the pleadings of the plaintiff or defendant, as the case may be, do not constitute a cause of action or defense thereto, or when a motion for a directed verdict which should have been granted has been refused and a verdict is rendered against the applicant, the court may, on motion, render a judgment notwithstanding the verdict, or set aside any judgment which may have been entered and render another judgment, as the case may require."

We also point out that if a motion for a directed verdict had been made in the trial court, our rules require that "* * * error should not be assigned to denial of the motion for judgment notwithstanding the verdict, but to denial of the motion for directed verdict, * * *." Rule 19, Appendix B, Illustration 3.

■ Defendant also assigns as error the failure of the court to give the jury a requested instruction defining permanent partial disability. Since by stipulation of the parties the only issue submitted to the jury was whether plaintiff was permanently and totally disabled, the requested instruction was irrelevant and the court did not err in refusing to give it.

Finding no merit in the appeal, the judgment is affirmed.