427 P.2d 278

Erling O. CHRISTENSEN and Doris I. Christensen, husband and wife, Plaintiffs-Respondents,

v.

Howard E. STUCHLIK, d/b/a Harmony Cafe, Defendant-Appellant,

and

Jane Doe, Defendant.

No. 9792.

Supreme Court of Idaho.

May 4, 1967.

A brief review of the facts essential for resolution of the appeal follows:

On August 19, 1962, at Nampa, the respondents were having their noon meal in appellant Stuchlik's Harmony Cafe. They had been served their meal and had started eating. Sandra Needs, an employee of Stuchlik who was working as a waitress in the cafe while the Christensens were dining, started to pass their table carrying several plates of dinners. Quite suddenly, Sandra Needs started to sink to the floor near Mr. Christensen, and the dishes she was carrying started to slip from her grasp toward the Christensens and their table. As the dishes started to slip, she cried out "Help me!" Thus alerted, Mrs. Christensen arose from her chair, came around the corner of her table, and reached for some of the slipping dishes. She caught two of the falling plates and then slipped to the floor on her knees to the left of and behind her husband's chair, the resulting fall causing injuries to her back, for which she seeks damages.

Appellant has strenuously argued in support of his assignments of error, the insufficiency of the evidence to sustain the verdict, asserting there is no evidence of negligence on the part of Stuchlik or his employee; further, that if there is evidence of negligence, the record affirmatively shows that Mrs. Christensen was contributorily negligent, barring her recovery. We have carefully reviewed the record and cannot agree with appellant's contention; the judgment must be affirmed.

Suffice it to say that testimony reflecting that Sandra Needs was carrying too many dishes, and that Mrs. Christensen's action in leaving her seat was an instinctive or reflex action, is sufficient to present an issue for the jury to consider on the questions of appellant's negligence and absence of contributory negligence on the part of Mrs. Christensen. This court, on an appeal attacking the sufficiency of the evidence to sustain a finding of negligence and a finding against contributory negligence, views the record most favorably

Gigray, Boyd & Downen, Caldwell, for appellant.

Weeks & Davis, Nampa, for respondents.

McFADDEN, Justice.

Plaintiffs-respondents instituted this action for damages for personal injuries suffered by Mrs. Christensen while a patron in the cafe of defendant-appellant, Howard E. Stuchlik, the only defendant that was served. The case was tried by a jury, which returned a verdict of $2500.00 for respondents, upon which the judgment was entered. Appellant Stuchlik has appealed, challenging the sufficiency of the evidence.

to sustain the jury verdict. Anderson v. Blackfoot Livestock Commission Co., 85 Idaho 64, 72, 375 P.2d 704, 708.

The judgment must also be affirmed because of a procedural deficiency. During the course of the trial and at the close of the respondent's case, appellant moved for a dismissal of the action on the ground that there was a failure of proof on the part of the respondents, in that there was no proof of negligence. The trial court denied this motion and appellant proceeded with the presentation of his evidence. At the close of the presentation of all evidence, no motion was made by appellant for a directed verdict. After the jury returned a verdict in favor of the respondents, appellant then moved for judgment notwithstanding the verdict. The trial court in its order denying the motion for judgment notwithstanding the verdict pointed out that no motion had been made for a directed verdict.

Appellant's first specification of error is that the evidence is insufficient to establish negligence on his part; the second specification of error is that the court erred in denying appellant's motion to dismiss at the close of respondent's case which motion was based on the claimed insufficiency of the evidence to establish negligence; the third assignment of error is that the respondent, Mrs. Christensen, was guilty of contributory negligence as a matter of law.

■ Concerning the second specification of error, in a jury case a motion for involuntary dismissal under IRCP 41(b) made at the close of the plaintiff's case is indistinguishable in operation and effect from a motion for a directed verdict under IRCP 50(a). Eckman v. Jones, 85 Idaho 10, 13, 375 P.2d 180 (1962), quoting from 2B Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, Civil § 919,

p. 146; [1] This court has held that if a defendant, after denial of his motion for dismissal or for directed verdict made at the close of the plaintiff's case, introduces evidence in support of his case, he thereby waives his right to assign error as to the denial of such motion unless such motion is renewed at the close of all the evidence. Eckman v. Jones, 85 Idaho 10, 375 P.2d 180; Smith v. Sharp, 85 Idaho 17, 375 P.2d 184. See also 2B Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, Civil, § 1074; 5 Moore's Federal Practice, 2d ed. ¶ 50.05, p. 2340. Hence in the instant case, the appellant, after making his motion at the close of the respondent's case, by the introduction of evidence following the denial of this motion waived any right to assign as error the denial of such motion.

■ When appellant at the close of the presentation of all the evidence failed to renew his motion for a directed verdict under IRCP 50(a), the trial court was foreclosed from consideration of his later motion for judgment notwithstanding the verdict, because under the provisions of IRCP 50(b) it is a prerequisite for consideration of a motion for judgment notwithstanding the verdict that a prior motion for directed verdict be made and denied. 5 Moore's Federal Practice, 2d ed. ¶ 50.08, p. 2357; 2B Barron & Holtzoff, Federal Practice and Procedure, Rules Edition § 1077, p. 406. This requirement is in conformity with the decisions of this court prior to adoption of the Idaho Rules of Civil Procedure in 1958. See: Hendrix v. City of Twin Falls, 54 Idaho 130, 29 P.2d 352; Helgeson v. Powell, 54 Idaho 667, 34 P.2d 957.

■ The failure of the appellant here to present to the trial court a motion for directed verdict not only foreclosed the trial court from consideration of his motion

---

1. The Federal Rule 41(b) was amended to make it clear that a motion for dismissal under that rule may be used only in a nonjury case, while a motion under Rule 50(a) for directed verdict is only proper in a jury case. Idaho has not adopted this amended rule, but in Stratton v. Stratton, 87 Idaho 118, 391 P.2d 340, and Grieser v. Haynes, 89 Idaho 198, 404 P.2d 333, the distinction between these two rules in their application to jury and nonjury cases is pointed out.

for judgment notwithstanding the verdict, but under decisions interpreting the Federal Rules of Civil Procedure, such failure precludes the appellate court from reviewing the sufficiency of the evidence to sustain the verdict. 5 Moores Federal Practice, ¶ 50.05[1], p. 2343 states:

"From the beginning of the Federal Rules of Civil Procedure, the courts have been consistent in holding that the appellate court cannot review the sufficiency of the evidence in the absence of an unwaived motion for a directed verdict. Essentially, the reasons behind this position are two. The first is the general rule that an appellate court will not review issues on appeal that were not properly raised in the trial court. The second is that the function of the appellate court is to review actions of the trial court; it does not and cannot sit to review the actions of the jury itself. The latter proposition rests on a constitutional base that precludes the reconsideration of verdicts by an appellate tribunal."

The cases cited under the foregoing quoted paragraph are legion. Representative of the opinions decided at the time Idaho adopted IRCP in 1958 are the following: Strickland v. Perry, 244 F.2d 24 (5th Cir., 1957); Rotondo v. Isthmian S. S. Co., 243 F.2d 581 (2nd Cir., 1957); Mahoney v. New York Central Railroad, 234 F.2d 923 (2nd Cir., 1956); Zimmerman v. Emmons, 225 F.2d 97 (9th Cir., 1955); Een v. Consolidated Freightways, 220 F.2d 82 (8th Cir., 1955); Traders & General Ins. Co. v. Shoemake, 199 F.2d 85 (10th Cir., 1952); Charles v. Norfolk & W. Ry., 188 F.2d 691 (7th Cir., 1951); Sturm v. Chicago & N. W. Ry., 157 F.2d 407 (8th Cir., 1946); Nailling v. United States, 124 F.2d 431 (6th Cir., 1941); Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350 (4th Cir., 1941). See also: 2B Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, § 1081, p. 423; 4 C.J.S. Appeal and Error § 298 p. 925, § 300 p. 936. Cf. Cone v. West Virginia Pulp and Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849 (1947).

In addition to the federal cases which are consistent in following this prerequisite to appellate review of evidence presented in a jury case, two cases from state courts are worthy of consideration. The first of these cases is from the Supreme Court of Florida, being 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla., 1958). Florida had adopted rules of civil procedure comparable to the federal rules in 1954. Therein that court stated:

"From the record now before us it does not affirmatively appear that the trial judge reserved his ruling on defendant's motion for the purpose of considering it in the light of all the evidence, either at the close of all the evidence or after verdict, nor does it appear that he did, in fact, consider all the evidence before making his ruling. This being so, the District Court of Appeal was eminently correct in dismissing an appeal in which the only question raised related to the sufficiency of the evidence." 104 So.2d at 342.

(See also City of Miami Beach v. Belle Isle Apartment Corp., 177 So.2d 884 (Fla. App., 1965).)

The second case is Lehtola v. Brown Nevada Corporation, 412 P.2d 972 (Nev. 1966), in which case Nevada's Supreme Court reinstated a jury verdict for plaintiffs after the trial court had granted a motion for judgment notwithstanding the verdict. The Supreme Court there stated:

"A 41(b) mid-trial motion necessarily tests the evidence as it then exists. Here the court reserved ruling on that motion. Thereafter, the complexion of the case changed as the defendant offered evidence. The record does not show that at the close of the case the defendant requested a ruling on the mid-trial motion, 6551 Collins Avenue Corp. v. Millen, 104 So.2d 337 (Fla.1958), and no motion was made for a directed verdict. Nothing occurred. The lower court, therefore, was not authorized to entertain a post

verdict motion under 50(b)." 412 P.2d at 975.

See also: Cozine v. Hawaiian Catamaran, Ltd., 414 P.2d 428 (Hawaii, 1966); Hamilton v. Neff, 189 Kan. 637, 371 P.2d 157 (1962); City of New Cordell v. Lowe, 389 P.2d 103 (Okl.Sup.Ct., 1963); Merritt v. State Industrial Accident Commission, 235 Or. 121, 384 P.2d 140, 141 (Or., 1963); Bondanza v. Matteucci, 59 N.M. 354, 284 P.2d 1024 (1955), to be read in conjunction with Nally v. Texas-Arizona Motor Freight, Inc., 69 N.M. 491, 368 P.2d 806 (1962).

■ It is our conclusion that on an appeal to this court from a judgment entered in a jury case, before this court will examine the record to resolve the issue framed by an attack on the sufficiency of the evidence to sustain the judgment, it is generally essential that such issue first be presented to the trial court for resolution by way of a timely motion for directed verdict, which motion, if denied, must be renewed by a timely motion for judgment notwithstanding the verdict in accordance with the procedures outlined in IRCP 50.[2]

■ This court has consistently adhered to the rule that issues not raised in the trial court will not be considered by this court on appeal and that parties will be held to the theory on which the cause was tried in the trial court. Cantlin v. Carter, 88 Idaho 179, 397 P.2d 761; Frost v. Mead, 86 Idaho 155, 383 P.2d 834. See also: Koran v. White, 69 N.M. 46, 363 P.2d 1038 (N.Mex. 1961); 5 Am.Jur.2d, Appeal and Error § 608, p. 72. This is in conformity with the following statement in 2B Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 1081, p. 424:

"It is well established that the sufficiency of the evidence is not reviewable on appeal unless a motion for directed verdict was made in the trial court. There are sound reasons for this rule. The party who makes no motion for a directed verdict must be of the view that the evidence makes a case for the jury and should not be permitted to impute error to the court for sharing that view."

In Herrick v. Breier, 59 Idaho 171, 82 P.2d 90 (1938), this court, following the prior decision of Buster v. Fletcher, 22 Idaho 172, 125 P. 226, held that upon proper specifications of error a duly certified transcript of all the testimony authorized a review of the sufficiency of the evidence to sustain a verdict although motions for directed verdict or new trial were not made. It must be noted, however, in considering Herrick v. Breier, supra, the court relied upon what was then I.C.A. § 7–509 and § 7–502 to reach this conclusion. Subsequent to that decision those statutory pro-

2. See United States v. Harrell, 133 F.2d 504 (8th Cir. 1943), wherein it is stated:
"Since the government failed to move the trial court, at the close of the evidence, for a directed verdict on the ground that the evidence was insufficient to sustain a verdict for the appellees, and since the government took no other equivalent action, it is not entitled as of right to a review of the question of the sufficiency of the evidence to support the judgment. * * *.
"But the government contends that the question is one which this court may, and should in this case, decide under the rule that a federal appellate court, in order to prevent a manifest miscarriage of justice, may notice an apparent error not properly raised on the record. And with this contention we feel constrained to agree in the circumstances of this case. The power of the court in the respect stated and its duty to exercise it in a proper case cannot be doubted. (citations) It is true that the power is infrequently exercised, and more often in criminal, rather than in civil cases, and in both for the protection of a proper administration of justice as much as for the interests of the parties involved. In short, the rule is invoked only in the exceptional case, and its application in any particular case may not be accepted as a departure from the general rules governing the preservation of questions for review here."
And see: Trans World Airlines, Inc. v. Shirley, 295 F.2d 678 (9th Cir. 1961); Pickard v. Maritime Holdings Corporation, 161 So.2d 239 (Fla.App.1964); 2B Barron and Holtzoff, Federal Practice and Procedure, Rules Edition § 1081, p. 425.

visions (then designated as R10–509 and R10–502) were adopted on March 19, 1951, by order of this court as rules of practice and procedure. Appendix 1965 Cumulative Pocket Supplement to Vol. 2 Idaho Code. Thereafter, the Idaho Rules of Civil Procedure were adopted in 1958 and Rule 46 (See Fed.Rule 46) thereof abrogated the prior provisions of R10–502. The foundation for the holding in Herrick v. Breier was thus destroyed, and it can no longer be considered as authority that this court may review the record of a jury trial even though no motions for directed verdict or new trial were made. Cf. Cone v. West Virginia Pulp and Paper Co., 330 U.S. 212, 67 S.Ct. 752, 91 L.Ed. 849.

 Even though I.C. § 13–219 provides that this court on an appeal from a judgment may review the verdict, in order to review the evidence as to its sufficiency to sustain a verdict, it is essential that such issue first be presented to the trial court. Otherwise this court would be departing from the long established rule that issues must first be presented to the trial court before they will be considered here.

Judgment affirmed. Costs to respondents.

SMITH and SPEAR, JJ., concur.

McQUADE, J., concurs in the conclusion.

TAYLOR, Chief Justice (concurring and dissenting):

I agree that IRCP 50(b) has been construed to require a motion for directed verdict at the close of the evidence as a condition precedent for submission to the trial court of a motion for judgment notwithstanding the verdict. However, I see no reason for such a requirement, by rule or otherwise.

I dissent from any implication in the opinion that the trial court may not enter-

tain a motion for a new trial in the absence of a motion for a directed verdict.

I also dissent from the holding by the majority that this court may not review the sufficiency of the evidence to sustain the verdict, upon a proper assignment thereof, in the absence of the presentation of that issue in the trial court by way of motion for a directed verdict, motion for judgment notwithstanding the verdict, or motion for a new trial. The issue of the sufficiency of the evidence to sustain a verdict is always before the trial court, and that court may order a new trial upon its own initiative, without a motion by either party. IRCP 59(d).

I am aware that some of the federal courts have held that an order granting a judgment notwithstanding the verdict, or a review on appeal of the sufficiency of the evidence to support a verdict, in the absence of a motion for a directed verdict, is an invasion of the constitutional right of trial by jury. That ruling is purely fictitious, and without support in logic or reason.

This court has always maintained its authority to review the sufficiency of the evidence to sustain a verdict, when properly assigned, regardless of whether that issue was presented to the trial court specifically by one of the motions mentioned. Our long-established rule that we will not upset a verdict which is supported by substantial and competent evidence, from which reasonable minds might draw conflicting conclusions, is a complete and adequate safeguard of the integrity of the jury verdict, and of a litigant's constitutional right thereto. A verdict not so supported is an unjust verdict. No litigant has a right, constitutional or otherwise, to such a verdict. A fair jury is a prime requisite of due process. Ponder v. Davis, 233 N.C. 699, 65 S.E.2d 356 (1951). Cf. United States ex rel. Brown v. Smith, 200 F.Supp. 885, 905 (D.C.Vt.1962) and cases cited note 144.

**510**

The right of the trial court, upon motion for new trial, to review the sufficiency of the evidence to support the verdict is preserved by our rule IRCP 59(a) and our statutory rule R10–602(6). Such authority is not in any way dependent or conditioned upon a previous motion for directed verdict, or for judgment notwithstanding the verdict. The authority of this court to review a verdict upon the ground of sufficiency of the evidence, upon appeal from an order denying a new trial sought on that ground, is not questioned. But, it is said that in the absence of a motion for directed verdict, or for judgment notwithstanding the verdict, or for a new trial, this court may not review the verdict on that ground on an appeal from the judgment. With this I do not agree. Our statutory rule R10–502 preserves, to the losing party, an exception to "the verdict of the jury," and thus extends to such party the right to have the verdict reviewed by this court, upon the ground of sufficiency of the evidence, or any other recognized ground. I do not agree with the statement in the majority opinion that the foregoing statutory rule has been abrogated by IRCP 46. Rule 46 preserves exceptions only to rulings and orders of the trial court. It does not extend to the verdict of the jury. It, therefore, does not purport to cover all of the provisions or exceptions referred to in R10–502, and it is not in conflict with the statutory rule. The rules of civil procedure adopted in 1958 specifically provide that prior statutory rules which are "in conflict therewith shall be of no further force or effect." Conversely, where there is no conflict, the prior statutory rule continues in force and effect. It follows that a litigant appealing to this court from a judgment based upon the verdict of a jury, is entitled, by proper assignment, to have the verdict reviewed on the ground of the sufficiency of the evidence, whether or not a motion was made in the trial court raising that issue.

On other issues I concur with the majority.