513 P.2d 638

**DeATLEY CORPORATION, an Idaho Corporation, Plaintiff-Respondent,**
**v.**
**Ralph OTTO et al., Defendants-Appellants.**
**No. 11247.**

Supreme Court of Idaho.
Aug. 24, 1973.

J. H. Felton, Joseph C. Adams, Jr., Lewiston, for defendants-appellants.

Randall & Bengtson, Thomas A. Madden, Lewiston, for plaintiff-respondent.

BAKES, Justice.

This is an appeal from a judgment entered December 8, 1972, in a breach of contract and mortgage foreclosure action brought by respondent DeAtley Corporation against appellants Ralph Otto and Milan and Darlene Norden, husband and wife.

On March 7, 1966, plaintiff-respondent DeAtley Corporation, entered into a written contract with defendant appellant Ralph Otto to extract and crush an initial 35,000 cubic yards of rock on "Goat Island" located in the Clearwater River near Lewiston, Idaho. Otto and Milan Norden apparently owned the island as tenants in common. The terms of the contract provided that Otto would pay DeAtley $1.20 per cubic yard of rock crushed, payment to be made as the rock was sold by Otto, but in any event no later than three years from "the date of completion of the crushing of the original quantity under this contract." Interest was to accrue at the rate of 6% per annum "from date of completion of the crushing of the rock under this contract until paid." As security for the payment of the amounts due under the contract, Otto executed a mortgage on the island in favor of DeAtley. Milan Norden, co-owner of the island, executed his written consent to the contract and joined in the execution of the mortgage.

Pursuant to the contract, DeAtley moved its crushing equipment to the island and commenced crushing. After only a day and a half of crushing in March, 1966, high water and flooding conditions caused DeAtley to suspend the operation and remove its equipment from the island. No further crushing or processing was performed until November 4, 1966, when DeAtley returned the crushing equipment to the island. Crushing operations then continued until November 11, 1966, at which time the crushing operation was discontinued by mutual agreement. At the time the operation was suspended, approximately 18,500 cubic yards of rock had been processed. Otto made various small sales of rock from November, 1966, to December, 1967, and made payment to DeAtley in the amount of $3,042 as required by the contract. Thereafter, Otto sold all but 2,000 cubic yards of the remaining rock but failed to make the required payments to DeAtley. In 1969 DeAtley brought suit against Otto to recover sums due under the

contract and to foreclose the mortgage on the land.

On September 24, 1972, the trial court granted a partial summary judgment in favor of Milan and Darlene Norden, husband and wife, dismissing DeAtley's complaint against them.[1]

The trial court, sitting without a jury, found that the suspension of the crushing operation was by mutual agreement of DeAtley and Otto. The court found that DeAtley complied with all of the terms of the contract and was at all times willing to resume the crushing operation had Otto demanded further performance. The court further found that Otto had materially breached the contract by selling the crushed rock without making payment to DeAtley. The court entered a judgment of $29,199.71 in favor of DeAtley and ordered the mortgage on the island foreclosed. The trial court also found the reasonable value of the island to be $1,600.00.

■ Appellants first contend that the trial court erred in refusing to grant their motion to dismiss at the close of respondent's presentation of evidence. In Christensen v. Stuchlik, 91 Idaho 504, 427 P.2d 278 (1967), this Court stated:

"This court has held that if a defendant, after denial of his motion for dismissal or for directed verdict made at the close of the plaintiff's case, introduces evidence in support of his case he thereby waives his right to assign error as to the denial of such motion unless such motion is renewed at the close of all the evidence. (Omitting citations)." 91 Idaho at 506, 427 P.2d at 280. ·

In the instant case, appellant introduced evidence following the denial of his motion to dismiss and failed to renew the motion at the close of all of the evidence. Such action constituted a waiver of any right to assign as error the denial of the motion to dismiss. Christensen v. Stuchlik, *supra*; Smith v. Sharp, 85 Idaho 17, 375 P.2d 184 (1962).

■■ Appellants next contend in effect that the court erred in its factual findings: (1) that the contract was not terminated in November, 1966; (2) that appellant Otto materially breached the contract by refusing to pay DeAtley for the crushing as the gravel was sold; and (3) that respondent DeAtley complied with the contract in reference to the type and nature of the crushed rock produced.

Findings of fact based upon competent though conflicting evidence will not be disturbed on appeal. Taylor v. Herbold, 94 Idaho 133, 483 P.2d 664 (1971); Copenhaver v. Lavin, 92 Idaho 681, 448 P.2d 774 (1968); Riley v. Larson, 91 Idaho 831, 432 P.2d 775 (1967); King v. MacDonald, 90 Idaho 272, 410 P.2d 969 (1966). Nothing would be served by delineating in detail the testimony of the witnesses in this case. Suffice it to say that there is ample competent evidence to sustain the findings of the trial court.

■ Appellant further contends that the trial court erred in assessing interest against appellant since there was never any "completion" of the crushing operation. The contract in question provided that interest on the unpaid balance would accrue at the rate of "6% per annum from the date of completion of the crushing of the rock . . ." but made no provision for accrual of interest in case of material breach of the contract. I.C. § 28–22–104(1), (2) provides for interest at the rate of 6% per annum upon money due by express contract or money after the same becomes due. When Otto sold the rock which had been crushed, payment for it was then due under the terms of their express contract. The amount was capable of mathematical computation. Mitchell v.

---

1. This Court makes no comment upon the effect of the summary judgment granted to appellants Norden on the mortgage foreclosure in view of the wording of the order which purports to dismiss the complaint as to them "except as to the extent of their ownership in the mortgaged real property and that said defendants [Nordens] recover from the Plaintiff the sum of $10.00 in costs expended herein."

Flandro, 95 Idaho 228, 506 P.2d 455 (1973); Taylor v. Herbold, *supra*. The trial court should have allowed interest from the dates that the rock was sold. However, the court computed interest from January 3, 1968, which was the last date of payment by appellant. It appears from the record that at least 10,000 cubic yards of gravel was sold on May 28, 1969, some seventeen months later. As to that 10,000 cubic yards, payment would not have "become due" until May 28, 1969, and interest would not have commenced running until that time. Therefore, the matter must be remanded to the trial court to recompute interest on the money found due under the contract as of the dates that the gravel was sold by Otto.

■ Appellants also contend that the assessment of attorney fees and title reports as costs was improper for the reason that the contract under which they were assessed had been terminated. However, we have affirmed the trial court's finding that the contract had not been terminated but was breached, and therefore these items were properly allowed as costs.

■ Appellant Otto also argues in his brief that appellant Norden was discharged as a surety by the modification of the contract in November, 1966. Appellant did not plead discharge of surety by reason of a modification of the contract. The issue was neither presented to nor considered by the trial court. We have consistently held that this Court will not review issues not presented in the trial court and will hold parties to the theory on which the cause was tried. Frasier v. Carter, 92 Idaho 79, 437 P.2d 32 (1968); Christensen v. Stuchlik, *supra*.

■ The final argument to be considered is appellant Otto's contention that the trial court erred in refusing to allow appellant to amend his pleadings to conform to the evidence after judgment of the court. Appellant sought to amend his pleadings in order to raise a defense of "termination" of the contract. We find no error in the trial court's ruling. The trial court found that the contract was not terminated, but breached. Such a finding was supported by competent evidence, and therefore there was no basis for amending the pleadings.

Judgment affirmed in part, reversed in part for recomputation of interest charges consistent with this opinion.

No costs.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.