**In the Matter of CHARMAR INVESTMENT COMPANY, alleged bankrupt.**

**CITY NATIONAL BANK & TRUST CO. et al., Petitioners-Appellees,**

v.

**CHARMAR INVESTMENT COMPANY, Bankrupt-Appellant.**

**No. 74–1354.**

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1974.

Decided Aug. 28, 1974.

John E. Palcich, Columbus, Ohio, on brief, for appellant.

Bradley Hummel, Columbus, Ohio, for appellees; Robert T. O'Brien, David H. Putnam, Columbus, Ohio, on briefs.

Before PHILLIPS, Chief Judge, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from an order entered by the district court pursuant to a jury verdict adjudging appellant, Charmar Investment Company (hereinafter "Charmar"), a bankrupt. A creditors' petition for the involuntary bankruptcy of Charmar was filed by appellees in May 1971. Jurisdictional questions concerning appellees Adrian and Radbill's qualifications as creditors under the Bankruptcy Act arose, and following resolution in favor of appellees in the district court, Charmar perfected an appeal to this Court. In In re Charmar Investment Co., 475 F.2d 560 (6th Cir. 1973), we held that "appellees Adrian and Radbill qualify as creditors under Section 59(b)" of the Bankruptcy Act and affirmed the district court decision. On Charmar's demand the case was tried to a jury, which found that the sale of the major asset of the corporation to two of its shareholders was a preferential sale within the meaning of the Act and returned a verdict adverse to Charmar. This second appeal followed.

■ Appellant contends that the district court erred in not directing a verdict in its favor and in excluding testimony of the corporate officers and owners of the real estate in question as to its value and determination of sale price. Appellant has failed to point out and we are unable to find any record of a motion for a directed verdict in the proceedings below. A complaint that the trial court failed to direct a verdict addresses itself to the sufficiency of the evidence, and this Court will not consider the sufficiency of the evidence in the absence of a motion for a directed verdict unless a miscarriage of justice will result. Cutter v. Cincinnati Union Terminal Co., 361 F.2d 637 (6th Cir. 1966); Nailling v. United States, 124 F.2d 431 (6th Cir. 1941); see 5A J. Moore, Federal Practice ¶ 50.05 (2d ed. 1974). We find no miscarriage of justice.

■ Similarly, there is no record of the district judge refusing to admit testimony of corporate officers concerning the worth of the real estate involved, and therefore, this issue is not before us.

The judgment of the district court is affirmed.